PETER AUTEN *et al.*

*v.*

GEORGE GRUNER.

1. FRAUD AND CIRCUMVENTION—*in procuring execution of note.* Where a party engaged in selling churns called upon a farmer at his residence and sold him a churn for $10, which the purchaser offered to pay at once, but the seller suggested he would take a note for the price, at six months without interest, and prepared one for execution, which the maker read twice before signing, and saw that it was for $10, but by some device or trick, unknown to the maker, he signed a note for $300, it was *held,* that the execution of the note was obtained by fraud and circumvention, and that the maker was not guilty of such want of care as to estop him from interposing the defense as against a *bona fide* assignee before maturity.

2. ASSIGNMENT—*facts to put assignee on inquiry.* Where a banker purchases notes on farmers, residing in the vicinity, of a stranger known to be engaged in selling churns through the country, the notes being offered for sale at an unusually large discount, the fact of the proposed large discount, being a suspicious circumstance, is enough to put a reasonably cautious person on inquiry as to the consideration of the notes, before buying.

APPEAL from the Circuit Court of Peoria county; the Hon. J. W. COCHRAN, Judge, presiding.

Mr. D. MCCULLOCH, and Messrs. JOHNSON & FOSTER, for the appellants.

Mr. JULIUS S. STARR, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The defense made to the note upon which this action is brought, is that the making of it was obtained by fraud and circumvention, and hence it is void under our statute, even in the hands of an innocent assignee for value before maturity. That

the making of the note was obtained by fraud and circumvention there can be no doubt on the evidence, and the only question that admits of discussion is, whether defendant used due caution to prevent himself from being imposed upon.

The payee of the note was engaged in selling churns, and for that purpose he called on defendant at his residence on his farm and effected the sale of one at the price of $10. Defendant offered to pay the money at once, but the payee suggested he would take his note for the price of the churn at six months without interest. Twice he read the note tendered to him for his signature, and saw it was for $10, payable in six months without interest. By some device or trick that he can not fully explain, defendant signed the note in suit for $300, instead of one for $10, as was the agreement and as he thought he was doing. Adhering as we do to what has been said in our former decisions, as to the degree of caution to be observed by the maker of negotiable paper before he will be permitted to defend against his note in the hands of an innocent assignee before maturity on the ground it was obtained by fraud and circumvention, still, we think the evidence in this record does not show defendant omitted to observe due care, or that he was guilty of such negligence as ought, equitably, to estop him from defending against the note in suit. He bought a churn from a stranger, for the use of his family, for the sum of $10, and supposed he was giving his note for that amount. Observing unusual care he twice read the note and could discover nothing wrong about it. That he was tricked into signing the note in controversy was no fault of his, and he does not even know how it was done.

It is said defendant ought to have suspected such dealers as the payee of the note, and been more on his guard to avoid imposition. There is quite as much reason for saying that plaintiffs ought to have dealt cautiously and suspiciously with the payee as defendant. Plaintiffs are bankers doing business in the village of Princeville. It was known to them the payee of the note they were about to and did purchase was a stran-

Syllabus.

ger in the village,.stopping at the hotel, and was engaged in selling churns through the country. The fact such a dealer presented the notes of farmers, residing in the vicinity, for sale at an unusually large discount for good paper, was itself a suspicious circumstance, and was enough to awaken inquiry in the mind of any reasonably cautious person as to the consideration, before buying. Such inquiry could readily have been made, as the maker resided in the vicinity of the village, and the truth ascertained.

The case was tried before the court without the intervention of a jury, and the evidence so fully sustains the finding, that if it be conceded some irrelevant testimony was admitted, it did no harm. If all the evidence which plaintiffs insist was improper had been excluded by the court from its consideration, still, the evidence remaining in the record, to which no exception could be taken, is abundant to sustain the finding of the court.

The judgment must be affirmed.

*Judgment affirmed.*