## GEORGE S. POPPERS
## v.
## GEORGE F. WAGNER.

33  113
55  296

33  113
105  215

*Master and Servants—Trespass—Tortious Act of Servants under Direction of Master—Removal of Personal Property from Dwelling—Evidence of Wife.*

1.  In an action against an employer for the alleged trespass of his servants in entering a dwelling and removing personal property therefrom, this court hold as erroneous the action of the trial court in allowing the wife of plaintiff to testify as to the circumstances attending such removal, her husband being absent at the time.

2.  In the case presented, the acts of the wrongdoers were not "matters of business transactions, where the transactions were had and conducted by such married woman as the agent of her husband," as laid down by the statute.

[Opinion filed May 8, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Mr. THOMAS SHIRLEY, for appellant.

Messrs. GENTLEMAN & PURNELL, for appellee.

GARY, J.   This was an action of trespass by the appellee against the appellant for an entry by, as alleged, servants of appellant, into the dwelling of appellee and taking his goods. The wife of the appellee was alone at the time the alleged trespassers came, and was, against the objection and over an exception taken by appellant, admitted as a competent witness, to testify to what then happened, upon the ground, apparently, that while she was in the control of the furniture, in the absence of her husband, the acts of wrongdoers in her presence affecting the furniture, were, in the language of the statute, "matters of business transactions, where the transactions were had and conducted by such married woman as the agent of her husband."

This was error. She, as agent, conducted no business. Being a spectator conferred upon her no more the character of an agent, as to the acts she witnessed, than it would have done upon any other spectator, and the control of the furniture by her in the absence of her husband, was a circumstance wholly extrinsic to, and independent of, the acts of the alleged trespassers. The acts were not a transaction had and conducted by her. East St. Louis v. O'Flynn, 19 Ill. App. 64; White v. Chancy, 20 Mo. App. 389; Baxter v. B. & W. R. R., 102 Mass. 383. The judgment must be reversed and the cause remanded.

*Reversed and remanded.*