NATHAN B. CRAIG

v.

ISAAC A. MILLER.

*Filed at Ottawa May 14, 1890.*

1. WITNESS—*competency—wife for the husband.* In an action against one of the makers of a note, who is a surety, the wife of the principal maker is not a competent witness for the defendant, for the reason that her husband is directly interested in the result of the suit.

2. SAME—*former decision.* The case of *Gravel Road Co.* v. *Madaus,* 102 Ill. 417, on this point is overruled.

3. INSTRUCTION—*giving undue prominence to evidence on one side.* An instruction which recites the facts testified to by one party, almost in his language, and thus singles out those facts and gives them prominence over the testimony of the other party, and also gives prominence to an act of the latter, but ignores his evidence explaining the reason of his action, is erroneous.

4. SAME—*accuracy required—evidence conflicting.* In a case where the evidence is very evenly balanced, it is essential that the instructions shall be accurate.

5. PRACTICE—*directing what the verdict shall be.* In a suit upon an indorsed note by the assignee, the declaration had a special count on the note, and also the common counts, to which payment was pleaded. The evidence as to a settlement and payment was conflicting, and evenly balanced. The court instructed the jury to find for the plaintiff on the several claims made under the common counts, unless the defendant had proved, by a preponderance of the evidence, that they had been fully paid. There was no pretense that the defendant was ever indebted to the plaintiff in any sum or on any account, except the note described in the first count, and the plaintiff testified that he had no other claim: *Held,* that the instruction was erroneous, as under it the jury were bound to find for the plaintiff, even though they were satisfied of the payment of the note, and as being calculated to divert the attention of the jury from the merits, and confuse rather than enlighten them.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Jo Daviess county; the Hon. JAMES H. CARTWRIGHT, Judge, presiding.

Messrs. W. & W. D. BARGE, for the appellant:

As to the competency of the wife of W. R. Craig, see *Mueller* v. *Rebhan,* 94 Ill. 142; *Gravel Road Co.* v. *Madaus,* 102 id. 470; Best's Law of Evidence, sec. 175; *Fitch* v. *Hill,* 11 Mass. 286; *Crane* v. *Crane,* 33 Vt. 15; 58 Ill. 368.

The plaintiff's deposition shows that the suit was brought on the note, alone. Before the trial the defendant moved the court to confine the issue on trial to the only matter in controversy under the special count on the note, and that all pleas be withdrawn except the plea of payment, which motion was granted. If the common counts under this ruling were *nolle pross'd,* there was no issue on them, and no default taken.

A party has the right to have the jury accurately instructed, and especially so when the facts are close and the testimony conflicting. (*Railroad Co.* v. *Payne,* 49 Ill. 501.) And they should be confined to the real issues. *Nollen* v. *Wisner,* 11 Iowa, 190; *Bank* v. *Murdock,* 62 Mo. 70.

Messrs. D. & T. J. SHEEAN, and Mr. J. M. SHEEAN, for the appellee:

The wife of W. R. Craig was not a competent witness, her husband being directly interested. *Gravel Road Co.* v. *Madaus,* 102 Ill. 417; *Smith* v. *Long,* 106 id. 488; *Insurance Co.* v. *Foster,* 90 id. 125; *Treleaven* v. *Dixon,* 119 id. 552; *Way* v. *Harriman,* 126 id. 137.

When the defendant pleads payment, alone, he holds the affirmative of the issue, and the burden of proof is upon him. *Howard* v. *Bennett,* 72 Ill. 297; *Douglas* v. *Pfeiffer,* 46 id. 102; *Bank* v. *Baldenwick,* 45 id. 375; *Watt* v. *Kirby,* 15 id. 200; *Miller* v. *Craig,* 16 Ill. App. 133; 23 id. 128.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee, against appellant, on a promissory note for $800, dated May 4, 1870, due one day after date, with ten per cent interest from date,

payable to P. M. Spencér, signed by one William R. Craig and appellant, and by Spencer assigned to appellee. William R. Craig and appellant were half-brothers, and the latter signed said note as surety. The suit was brought to the May term, 1880, of the Jo Daviess circuit court, against appellant alone, William R. Craig being a non-resident. The declaration contains one special count, declaring on said note, and the common counts, for money lent and advanced, for interest accrued, money paid out and expended, money had and received, and money found on settlement, in each of which common counts the damages are laid at $3000. The only plea on file at the time of the last trial was a plea averring payment by William R. Craig. The judgment below was for appellee, and appellant appealed. The Appellate Court for the Second District affirmed the judgment of the circuit court, and from that judgment appellant again appeals.

The real controversy between the parties is one of fact, viz., did William R. Craig pay the note described in the first count of the declaration. On this question the evidence is in irreconcilable conflict. Four jury trials have been had, resulting in two verdicts for the plaintiff and two for the defendant. The evidence is very evenly balanced.

The only argument filed in this court on behalf of appellee is that submitted to the Appellate Court, and is largely devoted to a discussion of the evidence. That branch of the case has been settled by the decisions below, but appellant still insists on a reversal here, on the grounds that proper and competent evidence on his behalf was excluded from the jury, and incompetent evidence admitted on behalf of appellee. Also, that improper instructions were given on behalf of appellee, and that some of those asked by appellant were improperly modified. It is to be regretted that the litigation between these parties must be further protracted, but upon a careful study of the record we are convinced that there is such manifest error in the giving of the fourteenth and twentieth instructions

on behalf of appellee as must work a reversal of the judgment below.

In the latter part of the month of April, 1880, Miller, the appellee, held against William R. Craig, individually, a judgment, amounting, with interest, to some $4000, and an open account of about $1200, the latter assigned to him by P. M. Spencer. There is some disagreement between the parties as to the amount of the open account, but for the purposes of this decision that question is not material. He also at that time held the note sued on in this action. On the first day of May, 1880, William R. Craig paid appellee, by draft, $900, and on the third of the same month the further sum of $1700.

The theory of the defense is, that by these two payments, and on a final settlement had between William R. Craig and appellee, on the last named day, William R. Craig being then insolvent, all three of the above mentioned claims were fully satisfied and liquidated. On the contrary, appellee insists that the first payment was made upon said open account, and the last on said judgment, and that the note was in no way involved in or connected with either of said payments or any settlements had between the parties, but that it remains wholly unpaid. In support of these conflicting contentions the testimony of William R. Craig and appellee, Miller, was taken. They agree that they met at the residence of Craig, in Nebraska City, the last of April, 1880, and there had a conversation about their business matters, and that it was then understood between them that Craig would send Miller (the latter residing at Council Bluffs, Iowa,) some money, (no amount being named,) as soon as he could get a certain warrant which he then held, converted into cash. They squarely contradict each other as to how that money was to be applied. Craig says: "I sent the draft to Miller, as I had promised him when he was at my home in Nebraska City. He told me at this time he had the assignment of this note, and I agreed to send him this draft, and he agreed, on the receipt of said

draft, to come down again to Nebraska City and make a final settlement with me, and to receipt me for the whole claim." He also says: "We had a complete and final settlement May 3, 1880, a few days after the draft had been sent." Miller testifies, that in that conversation the note was not mentioned, and is positive that William R. Craig did not then know that it had been assigned to him. He also says, the only debts there spoken of were the judgment and open account. As to the latter he gives the conversation, as follows: "After talking with him about paying something on my judgment, I then told him that I had the collection of the Spencer account, and I would like that he would pay as much as he could on it. At the same time I drew out of my pocket, and showed him, a paper, upon which I had copied all the dates, and items of debit and credit, and the balance due, from the paper account assigned to me by Spencer. He took the paper in his hands, and examined the account, and said it was all right, and agreed with his books, and was correct, and that he would send me some money on it for Spencer as soon as the warrant was cashed."

There is no dispute between them as to the fact that a few days after this conversation Craig sent, in a letter addressed to Miller, a $900 draft, payable to the order of P. M. Spencer, and that Craig said in the letter, "Please find enclosed draft in favor of Spencer for $900." William R. Craig testified, however, by way of explanation as to why the draft was made payable to Spencer, "I knew nothing of the assignment of the note, except what Miller and others told me, and I wanted to make sure it was all right, so I made the draft payable to Spencer." He also says: "I had the draft made payable to Spencer so it should be indorsed by him, as I was sending it to Miller,—so it should be a credit on the note."

The fourteenth instruction given on behalf of appellee is as follows:

"If the jury believe, from the evidence, that Miller showed Craig the open account between Craig and Spencer, and Craig looked at it, and said it was all right, and Miller said to Craig that he (Miller) had the settlement of that account, and Craig said he would send some money to him for Spencer when he (Craig) got the money on the $5000 warrant, and that a few days afterwards Craig sent, in a letter to Miller, a $900 draft, payable to the order of Spencer, saying in that letter, 'Please find enclosed draft in favor of P. M. Spencer for $900,' and if the jury further believe, from the evidence, that nothing more than that was said or done in regard to the application of the $900 draft, then it was the right and duty of Miller to apply that money on that open account."

It will be seen that it is in almost the exact language of Miller's testimony as to what was said and done about the Spencer account at the meeting in Nebraska City in April, thus singling out those facts and giving them prominence over the testimony of Craig. It gives prominence also to the fact that the $900 draft was made payable to the order of Spencer, and the mention of it in Craig's letter, as being payable to Spencer, but wholly ignores the evidence of Craig as to why it was so made payable. This was error. (*Evans* v. *George et al.* 80 Ill. 51; *Logg et al.* v. *People,* 92 id. 602; *Calef* v. *Thomas,* 81 id. 483.) It is not claimed, even by Miller, that the conversation recited in the instruction was all that was said by himself and Craig about their business matters at that time; neither does he deny that it was then understood that upon the receipt of the money to be sent him on the cashing of the warrant, he was to again go to Craig's house in Nebraska City and have a settlement. He admits that, in pursuance of that understanding, he did go on the 3d of May following, and that he and Craig did then have a settlement, but is positive in his denial that that settlement included the note, or that the $900 payment had anything to do with it. The question here is, not whether Miller's evidence is entitled to belief over that

of Craig, but whether the fourteenth instruction presented the conflict in their testimony to the jury fairly and impartially.

Under this instruction, if the jury found the facts stated in it to be true, they were bound to repudiate the whole theory of the defense, no matter what else may have been said or understood between the parties. It may well be said, that the facts and circumstances mentioned in the instruction, if they occurred, were proper to be considered by the jury, in connection with all the other facts proved, in determining whether the $900 was a payment on the open account; but if the parties understood that a further meeting was to be had between them, and a final settlement made of all their business matters, including the note,—and especially if they did meet, as Craig testified, and had such settlement, including the note,— clearly it was not the right, much less the duty, of Miller to credit the $900 on the open account. The instruction is vicious, both because it singles out particular evidence of appellee and gives it undue prominence, and because it ignores other material and pertinent testimony bearing upon the vital question as to how the first payment should have been applied.

The most that can be said in defense of the twentieth instruction is, that under the strict rules of pleading it was technically correct. It will scarcely be pretended that it was necessary to fair submission of the real controversy between the parties to the jury. It directs the jury to find for the plaintiff on the several claims made in the common counts, unless the defendant had proved, by a preponderance of the evidence, that they had been fully paid by William R. Craig. Under this instruction the jury were bound to find for the plaintiff, even though they may have been fully satisfied that the note was paid. It is not pretended that appellant was ever indebted to appellee in any sum or on any account, except the note described in the first count. Miller himself testified: "I have no other claim or obligation against the defendant, Craig, except the note sued on, and the interest on it." It is

true, the question to which the foregoing was an answer was objected to by his counsel, but the objection was overruled, and no exception taken. The evidence was therefore properly before the jury. It was unnecessary, therefore, for the appellant to make any proof as to the claims set up in the common counts. Had the plaintiff or his attorneys stated in open court that his only demand against the defendant was the note in suit, and the parties proceeded to trial on that statement, no one would contend this instruction would have been proper, notwithstanding the plea of payment, alone, was on file. Certainly this sworn statement should have no less force. In a case in which the evidence is so evenly balanced, it is essential that the instruction should be accurate. This one was calculated to divert the attention of the jury from the merits of the controversy at issue, and confuse rather than enlighten them. It should have been refused.

As to the criticism made upon other instructions given on behalf of appellee, and the modification of some of those asked by appellant, we see no substantial ground of complaint. We are convinced that the jury would have been much better informed as to the law of the case had fewer instructions been given.

There was no error in the exclusion of the evidence of Romena Craig, wife of William R. Craig. Her husband was directly interested in the result of the suit, and she was thereby rendered incompetent. *Gravel Road Co.* v. *Madaus*, 102 Ill. 417, is not an authority to the contrary. The views there expressed by Mr. Justice DICKEY were not concurred in by a majority of the court, and are not in harmony with prior and subsequent decisions of this court.

It is unnecessary to extend this opinion by noticing other points raised on the record.

For the reasons stated, the judgments of the Appellate and circuit courts will be reversed, and the cause remanded.

*Judgment reversed.*