## The R. J. Gunning Co. v. Cusack.

1. WITNESSES—*Competency of Wife.*—The fact that the husband may have some bias of feeling in a law suit, but no legal interest therein, does not affect the competency of his wife as a witness. The fact of such bias or feeling goes more to her credit as a witness.

2. WITNESS—*Competency of Wife—Indirect Interest of the Husband —Illustration.*—S. was the owner of a building, the wall of which, as a space for signs, he let to two different persons, these persons being in litigation with respect to their rights under their contracts from S. The wife of S. was a witness at the trial for one of the parties. *It was held* that she was competent, but that the decree entered upon her testimony

R. J. Gunning Co. v. Cusack.

would not be competent evidence for or against her husband and could not affect the measure of his liability to either of the parties.

3. Witnesses—*Married Women—Objection to Testimony Waived.*— Where a wife was called in to testify a suit in which it was claimed that the husband was indirectly interested, but no objection was made to her testimony in the court below, *it was held* too late to make the objection in the Appellate Court.

4. New Trial—*Newly Discovered Evidence.*—Newly discovered evidence which is merely cumulative is not sufficient ground for a new trial.

5. Servitudes and Easements—*Wall Space for Signs.*—Where a person signed a contract permitting another to use the wall of his building as a sign space, *it was held* that the right to use the wall was a burden of servitude in the nature of an easement, carrying with it the right of such access as might be necessary to make the burden of value. Also held that the contracts for the wall space were not leases, and that the use of the wall under them was not a possession as under a lease.

6. Fraud—*Signature to Contract Obtained by Deceit.*—Where a person unable to read the English language is deceived into signing a contract for three years, being told that it was only for one, the legal effect will be to render the contract void and the party will have the right to disregard it at the end of one year.

7. Trespassers—*Repeated Invasion of Rights.*—An injunction is the only means of protecting a party against repeated invasions of his rights. An action at law will give him indemnity for the past but no security for the future. To prevent the multiplicity of actions an injunction is proper.

**Memorandum.**—Bill for injunction.   Appeal from the Circuit Court of Cook County; the Hon. Oliver H. Horton, Judge, presiding.   Heard in this court at the March term, 1893, and affirmed.   Opinion filed April 12, 1893.

The statement of facts is contained in the opinion of the court.

J. Aaron Adams, attorney for appellant.

Oscar E. Leinen, attorney for appellee.

Opinion of the Court, Gary, P. J.

Both parties to this appeal are in the business of painting all kinds of signs on all kinds of spaces, etc.

One Carl Schilling had a building, the west wall of which had on it a "space." He signed this paper:

"The R. J. GUNNING COMPANY, }
Advertising Sign Contractors. }
Wall Contract.

CHICAGO, Aug. 30, 1890.

In consideration of fifteen dollars, I hereby give to the R. J. Gunning Company, the exclusive right to the west wall of building located So. East corner Franklin and Washington (upper panel), for advertising purposes, for a period of three years.

CARL SCHILLING.

Accepted.      The R. J. GUNNING Co.,
Per A. J. SEABROOK."

May 1, 1892, Schilling signed another paper as follows:

"In consideration of fifty dollars ($50.00), in advance, I agree to allow Thomas Cusack & Co. the right to use the west wall space, located at 206 E. Washington street, for advertising purposes, for a period of one year, with privilege of renewing at same terms.

CARL SCHILLING.

W. H. KLINGMAN, Solicitor."

Under the license contained in the first paper, the appellant painted its sign on the wall in the summer of 1890. Soon after May 1, 1892, the appellee painted over it with his own. They painted each other out four times apiece, and then the appellee filed this bill, on which the Circuit Court enjoined the appellant from interfering with the appellee in the use of the wall.

The brief of the appellant says, "the great question in this case is whether or not Carl Schilling freely and knowingly signed" the paper first herein copied.

The case was referred to a master to take proofs, and it was stipulated, relative to the testimony of every witness before the master, that objections might be raised on the trial as if made when each question was put to the witness.

The wife of Schilling was a witness for the appellee and testified without objection, and it is now urged that she was incompetent.

If the decree in this case could in any way affect the in-

terest of Schilling, she would be incompetent. Craig v. Miller, 133 Ill. 300. But he is not a party; if the appellant sues him, and he defends upon the ground on which this decree has gone, he will have to make out that defense without any aid from this decree. 2 Black on Judgments, 567 *et seq.*

Whatever may be the bias or feeling of Schilling, he has no legal interest in this suit, and his wife is not incompetent because of his or her bias. That goes to credit.

And if the decree were the other way, it would not be evidence against Schilling, if he were sued by the appellee. *Ibid.* And the fact that the consideration paid by the latter was larger than that paid by appellant, would not affect the amount of the damages in a suit by either party. Cilley v. Hawkins, 48 Ill. 308.

So that as the decree either way would not be evidence for or against Schilling, and would not affect the measure of his liability, if he should be liable, he had no legal interest in the result, and she was a competent witness.

We might well have disposed of the question of her competency on the ground that it was never raised by any objection before the master and exception before the court. Pardridge v. Ryan, 35 Ill. App. 230.

Carl Schilling could not read English; whether the paper first herein copied was truly read to him, or represented to be only for a period of one year, was the subject of much conflicting testimony, to review which would occupy much space, and of which we r st content ourselves with saying that the finding below is not so manifestly wrong that we may set it aside.

The appellant moved for a rehearing upon newly discovered testimony, but it was merely cumulative, and there was not such diligence in discovering it before trial as is required. Crozier v. Cooper, 14 Ill. 139, has never been departed from in this State.

Both parties have argued this case upon the theory that the papers signed by Schilling were leases, and that the use of the wall under them was possession. That is a mistake. The right to use the wall " was a burden or servitude in the

nature of an easement," carrying with it the right to such access as might be necessary to make the burden of value. Willoughby v. Lawrence, 116 Ill. 11.

If the paper under which the appellant claimed, was misread to Schilling, and he was deceived into signing for a period of three years, when told that it was for only one, the paper was void; Auten v. Gruner, 90 Ill. 300; and Schilling had the right to disregard it, certainly at the end of one year, and grant the right to use the wall to the appellee, who would be entitled to the aid of the law to protect him in that use. Whitney v. Roberts, 22 Ill. 381.

An injunction is the only means of protecting him against repeated invasions of his right; actions at law would give him indemnity for the past, but no security for the future. To prevent a multiplicity of actions an injunction was proper. Owens v. Crossett, 105 Ill. 354. And see W. U. Tel. Co. v. P. & A. Tel. Co., 49 Ill. 90, where the Supreme Court protected a similar right by injunction. The facts of the case are not reported, but as the appeal was from me, I know that it was a quarrel between two telegraph companies as to the right to string wires upon the poles of a railway, under conflicting grants by the railway.

We have confined ourselves to such points as are argued in the appellant's brief. Wabash, etc., Ry. v. McDougal, 113 Ill. 603; and finding no such error as is complained of, the decree is affirmed.

WATERMAN, J., DISSENTING.

I can not assent to the affirmance of this decree adjudging a written contract made by one of the parties to this litigation and one Schilling, who is not a party to this cause, null and void, and ordering that it be surrendered up and canceled. Neither of the parties to such contract, nor any person claiming rights thereunder, has applied to have it adjudged void, or that it be surrendered and canceled.

Nor can I assent to awarding complainant damages for alleged trespasses committed prior to the filing of the bill. As to these there was a plain and adequate remedy at law.