## Sun Accident Association v. Clinton E. King, Administrator of Estate of Charles M. King, Deceased.

1. HUSBAND AND WIFE—*Wife as Witness When Husband Sues as Administrator.*—The wife is not a competent witness in a suit where the husband sues as an administrator.

**Memorandum.**—Suit upon an insurance policy by an administrator of the deceased insured. Appeal from the Circuit Court of Adams County; the Hon. OSCAR P. BONNEY, Judge, presiding. Heard in this court at the November term, 1893. Reversed and remanded. Opinion filed February 12, 1894.

The opinion states the case.

APPELLANT'S BRIEF, SPRIGG, ANDERSON & VANDEVENTER, ATTORNEYS.

It was manifest error to permit the wife of the plaintiff to testify in his favor over the objection of the defendant, notwithstanding the fact that he sued as administrator. Young v. Richard, 2 Curt. 371; 1 Greenl. Ev., Sec. 341, note 1. In Young v. Richard, *supra,* it is said : " On a subsequent day an objection was taken to the competency of a witness named Smith, on the ground that she was the wife of one of the executors who was a party to the cause, and the court held that notwithstanding the 17th section of the act, an executor who was a party in the cause and consequently liable to costs, could not be examined as a witness in that cause, and therefore rejected the evidence of the wife." The removal of the wife's incompetency by reason of interest does not affect or nullify the rule of public policy which is the controlling reason for excluding her as a witness for her husband. Mitchinson v. Cross, 58 Ill. 369; Reeves v. Herr, 59 Ill. 81; Creed v. The People, 81 Id. 568; Way v. Harriman, 126 Ill. 132; Craig v. Miller, 133 Ill. 300; Crane v. Crane, 81 Ill. 165; Kusch v. Kusch, 143 Ill. 353; Treleaven v. Dixon, 119 Ill. 548.

APPELLEE'S BRIEF, HAMILTON & WOODS, ATTORNEYS.

A wife of one who gives bond for costs and sues as next friend for a minor, is a competent witness for the real plaintiff. Belk v. Cooper, 34 Ill. App. 649.

A husband is a competent witness under a statute similar to ours, where his wife sues as executrix. Van Fleet v. Stout, 44 Kan. 523; 24 Pac. Rep. 960.

An objection, to be availing, must be specifically urged. Pinkerton v. Gilbert, 22 Ill. App. 568.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The appellee recovered a judgment against appellant for $200.57 upon a policy of insurance issued to Charles M. King, since deceased, for and on account of disability al leged to have been sustained by said Charles E. King, within the terms of the policy.

On the trial the wife of the appellee was permitted to testify at his instance, over the objection of the appellant. This ruling is now assigned as error and we are of opinion the position is well taken. The appellee was suing as administrator and while he might not and probably would not be liable for the cost of the suit, yet he had a direct pecuniary interest in the result of the suit in that a recovery would swell the assets of the estate upon which he might be allowed a commission, and in that he would be one of the distributees of the estate.

He was the plaintiff in the suit, although not suing in his personal capacity. It is clear the wife, at common law, would have been incompetent.

The statute, by section one, removes the disqualification growing out of interest in the event of the suit as a party or otherwise, and by section five it provides that no husband or wife shall, by virtue of section one, be competent to testify for or against each other except in the cases thereafter specified, of which this is not one.

The Supreme Court have so regarded the statute and have held that neither husband nor wife can testify for or against the other when the other is interested as a party or

otherwise except in the cases pointed out in section five. Mitchinson v. Cross, 58 Ill. 336; Mueller v. Rebhan, 94 Ill. 142; Craig v. Miller, 133 Ill. 300.

It is argued the evidence does not sustain the verdict, but upon this point we think proper to express no opinion, as the case will be again tried; nor do we deem it necessary to consider the points in the briefs as to the rulings of the court upon the admission of evidence and in giving and refusing instructions. For the error indicated the judgment will be reversed and the cause remanded.