## Lina Wollf v. John H. Van Housen.

1. Witnesses—*Wife Not Competent for the Husband.*—A wife is not a competent witness for the husband in an action against him for a trespass.

2. Instructions—*Use of the Word " Satisfied" Instead of " Believed."* —An instruction which tells the jury that before they can find the accused guilty they must be *satisfied* from a preponderance of the evidence, etc., is erroneous, the word, " satisfied" being too strong.

3. Same—*Not to Preclude a Recovery, When, etc.*—Where a suit was brought in trespass alleging an assault, and in one count charging a rape, in a second an attempt at rape, and in a third a common assault, it is error to instruct the jury that there must be shown, not only that the defendant committed an assault upon the plaintiff, but that he did so with intent to compel her by force and against her will to have intercourse with him notwithstanding any resistance she might make, because it precludes a recovery for an assault under the third count.

4. Assault—*An Element of the Crime of Rape.*—Under counts in trespass charging a rape and an attempt at rape, a recovery for a common assault, if proved, may be had.

5. Evidence—*Of Former Conviction, etc.*—It is error to refuse to admit the record of a party's conviction for forgery on the ground of lapse of time. The question as to how the lapse of time should qualify the effect of a conviction upon the credibility of a witness should be left to the jury.

**Memorandum.**—Trespass to the person. In the Superior Court of Cook County; the Hon. John Barton Payne, Judge, presiding. Declaration in trespass; pleas, not guilty, etc; trial by jury; verdict and judgment for defendant; appeal by plaintiff. Heard in this court at the October term, 1894. Reversed and remanded. Opinion filed November 12, 1894.

T. H. Simmons, attorney for appellant.

WIGHT & WILLIAMS, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant sued the appellee in trespass, alleging an assault, and in one count charging a rape, and in a second an attempt at rape, and in a third a common assault.

On the merits of the case we express no opinion, but there are errors for which the judgment for the defendant below must be reversed.

First. The court admitted the wife of the appellee as a witness for him, to deny that she made an exclamation to which the appellant had testified. No question is before us as to the admissibility of such exclamation, but admitting the wife as a witness was error. Poppers v. Wagner, 33 Ill. App. 113; Craig v. Miller, 133 Ill. 300.

Second. The court, by one instruction, told the jury, "before you can find the accused guilty you must be satisfied from a preponderance of the evidence, that he had carnal knowledge of said plaintiff forcibly and against her will," and by another, that "there must be shown in this cause by a preponderance of the evidence, not only that the defendant committed an assault upon the plaintiff, but that he did so with intent to compel her by force, and against her will, to have intercourse with him, notwithstanding any resistance she might make." These instructions precluded a recovery under the third count. Even under the other counts, a recovery for a common assault, if proved, might be had. Lewis v. Hoover, 3 Blackf. 407. The word "satisfied," in the first instruction, is too strong. Connelly v. Sullivan, 50 Ill. App. 627.

Third. On cross-examination the court refused to require the defendant to answer whether he had been convicted of forgery, and also refused to admit the record of such conviction, on the ground of the lapse of time since 1868. This was error. Sec. 1, Chap. 51. How the lapse of time should qualify the effect of the conviction upon the credibility of the witness should be left to the jury. Pennsylvania Co. v. Versten, 41 Ill. App. 345.

There is something in the case about an attempt to suborn witnesses.    There is nothing for us to say about it, as the attention of the court was drawn to it only *ex parte.*

The judgment is reversed and the cause remanded.