PAULINE ELENZ v. THOMAS CONRAD, Appellant.

Husband and Wife: INJURY TO WIFE: *Medical services—Recovery for.* Where a married woman who followed no independent
1   employment was injured, her husband, and not she, was entitled to a recovery for medical services.

INSTRUCTION CONSTRUED. In an action by a married woman for injuries, the court submitted to the jury, as elements of damage: (1) The nature of the injuries; (2) the pain endured; (3) the

time she was disabled; (4) the permanent difiguration, etc.,— and instructed that "from these" the jury were to say what damages she should receive. *Held*, that the instructions erroneously submitted to the jury, as an element of damage, "the time she was disabled," it not appearing that this expression had reference solely to the extent and seriousness of her injuries.

**Negligence:** JURY QUESTION. Whether it is negligent to stop a vehicle in the traveled part of a road where one from behind would not be likely to see it in time to safely avoid it is for the jury.

**Pleading:** FREEDOM FROM CONTRIBUTORY NEGLIGENCE: *Imputable neglegence.* In an action by a married woman for personal injuries received while riding in a wagon driven by her husband, an allegation of freedom from contributory negligence on plaintiff's part sufficiently denied negligence of the husband imputable to the wife.

*Same.* Freedom from imputed negligence need not be pleaded.

*Appeal·from Dubuque District Court.*—HON. FREED O'DONNELL, Judge.

FRIDAY, DECEMBER 20, 1901.

WHEN plaintiff and her husband were a short distance beyond a bridge on the way out of Dyersville, at about 5:30 o'clock in the afternoon of January 6, 1899, they stopped to cover an oil can, not well corked. Hearing a team approach rapidly, he resumed his seat, and had just started on as it passed, the hind wheel of the wagon striking that of plaintiff and her husband, throwing both to the ground and breaking her nose. She demands damages. The pleadings raised the usual issues in such a case, and also whether defendant was the person who drove the passing team. Trial to jury resulted in a verdict for plaintiff, upon which judgment was entered, and defendant appeals.—*Reversed.*

*Husted & Michel* for appellant.

*Matthews, Lindsay & Frantzen* for appellee.

LADD, J.—The plaintiff, a married woman, followed no separate or independent employment. Her husband then, and not she, was entitled to recover for medical services not previously paid for by her and the value of the time lost by reason of the injuries received. *Tuttle v. Railroad Co.*, 42 Iowa, 518; *Nichols v. Railway Co.*, 68 Iowa, 736; *Hall v. Town of Manson*, 90 Iowa, 585; *Denton v. Ordway*, 108 Iowa, 487. The court told the jury in the twelfth instruction, to allow the plaintiff damages sustained by her, "as shown by the evidence. Consider the character and nature of the same, the pain suffered, the time she was disabled, how much and to what extent her nose is permanently disfigured, what she had to pay for services of a physician,—and from these say what damages she should receive." The expense for medical attendance was but $20, and it is possible that, were this the only difficulty in the way of an affirmance, it might be remedied by a remittitur. See *Van Gorder v. Sherman*, 81 Iowa, 403; *Frohs v. City of Dubuque*, 109 Iowa, 220. It is to be noted, however, that the case differs from those cited in that no claim was made in the petition for such expenses, and the court's attention was directed to the error involved in its allowance by a motion to strike evidence. This distinction could only affect the propriety of requiring remittitur in this court and the taxation of costs. But the petition does base the recovery of damages in part on the allegation that she "has been and will be unable to perform her usual household duties," and, in this instruction one of the elements to be considered in measuring her damages was "the time she was disabled." Appellee insists this had reference solely to the extent and seriousness of her injuries. An analysis of the instruction will not bear out this contention. Five elements for consideration are named: (1) the nature of the injuries; (2) the pain endured; (3) the time she was disabled; (4) the permanent disfiguration of the nose; and (5) the medical expense. "From these" not part of them,

the jury are to "say what damages she should receive." It is said there is no evidence of the value of the time she was unable to perform her household duties. Neither was there any direct testimony of the value of the pain endured, or of her permanent disfiguration. These were matters of estimate, and the jury might well have inferred the right to estimate the damages resulting from loss of time, also.

II. The petition contained the usual allegation of freedom from contributory negligence. Appellant, by motion in arrest of judgment, raised the point that, whereas, in such a case, the husband's negligence is to be imputed to the wife, the petition should also have contained an averment that he did not, by his negligence, contribute to the injuries received. See *Yahn v. City of Ottumwa,* 60 Iowa, 429; *Nesbit v. Town of Garner,* 75 Iowa, 314. There are two reasons for denying this contention: (1) If the negligence is imputed to the wife, it become as her own, and is sufficiently negatived by the averment of absence thereof on her part; and (2) such a situation is a matter of development from the evidence in the trial, and one of the incidents not necessarily to be anticipated in the pleadings.

III. In view of another trial two other matters should be mentioned. It may be negligent to stop a vehicle in the traveled part of the road, where one driving from behind would not be likely to see, or not be likely to see in time to safely avoid. If upon another trial, the evidence tends to show the team of plaintiff was stopped in such a situation, the question of negligence in so doing should be submitted to the jury. Also the jury should be plainly advised of the doctrine of imputed negligence.—RE-VERSED.