Ginsburg v. Morrall.

---

## B. Ginsburg v. Edward Morrall.

1. PRACTICE—*Where Exceptions Are Not Taken to Action of Trial Court.*—Decisions of the trial court to which no exceptions are taken can not be assigned for error.

2. WITNESSES—*Wife for Husband.*—A wife is not a proper witness for her husband in a replevin suit against him.

3. RES ADJUDICATA—*Replevin.*—One replevin suit after another can not be brought unless there be a failure to secure service in the original suit or other illegal proceeding.

Replevin.—Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Reversed and remanded. Opinion filed December 30, 1902. Rehearing denied January 9, 1903.

HENRY E. NOTHOMB, attorney for appellant; ADOLPH MARKS, of counsel.

FRANK J. HOGAN, attorney for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Edward J. Morrall, appellee, bought of B. Ginsburg, appellant, a furniture dealer, certain household goods. He paid some money therefor, and gave his note for the balance of the purchase money.

This note was secured by giving a chattel mortgage of said goods, signed in the name of "Edward Morril" and "Edward Morill," properly acknowledged in the name of "Edward Moril," and filed for record in the the recorder's office of Cook county. The mortgage provided that upon default in any or either of said payments that Morrall should deliver up the goods to Ginsburg.

During the period of two years immediately after the giving of this mortgage Morrall paid less than $30 thereon; Ginsburg states, that not only did Morrall not pay as he had agreed, but threatened the collector with violence, and thereupon Ginsburg instituted a replevin suit before Jarvis Blume, a justice of the peace, and with a writ issued therein obtained possession of the goods on or about the 25th day of May, 1900. After hearing the evidence, judgment was rendered by the court in favor of Ginsburg, appellant, and against appellee, for the right of possession of the property taken on the writ, one cent damages and costs of suit. Soon thereafter, Morrall, appellee, went many miles out into the country to the office of John R. McDonald, a justice of the peace, and before him began a replevin suit to obtain possession of the same goods, the right to the possession of which had been determined in the above mentioned replevin suit, and judgment was obtained before

McDonald for $90. Appeal was taken to the Superior Court and there judgment rendered for the plaintiff, in the sum of $50, and by appeal the case is brought to this court.

As this statement discloses, this is a suit in replevin, and reversal of the judgment entered therein by the Superior Court is sought on three grounds: First, because the court erred in overruling motion for new trial; second, because the court admitted and refused to strike out improper evidence; third, because the court erred in failing to instruct the jury to find the issues for the defendant.

After verdict of the jury, a motion for new trial was made and overruled. No exception to the order overruling the motion was preserved. The bill of exceptions contains all the evidence in the case and may be wholly insufficient to warrant the finding of the jury. However, as no exception was taken to the decision of the court overruling the motion for a new trial at the time it was announced, that decision can not be assigned for error. Pottle v. McWhorter, 13 Ill. 454; Trigger v. Drainage District, 193 Ill. 231.

The testimony of plaintiff's wife was wholly incompetent. Poppers v. Wagner, 33 Ill. App. 113; Wolff v. Van Housen, 55 Ill. App. 295; Craig v. Miller, 133 Ill. 300.

However, no advantage can be had of that error, unless exception thereto was taken with reasonable promptness. She was called to the witness stand and before she had stated whether she sustained any relation to the plaintiff she proceeded to give important testimony, and further said: " I never signed any papers; neither did my husband. That is not my husband's writing on those papers. I swear to God he never signed that chattel mortgage. We did get goods from Mr. Ginsburg, but we paid for them afterwards. We never signed any mortgage."

Counsel for appellant then moved to strike out her testimony upon the ground that she was the wife of the plaintiff and incompetent to testify. The motion was overruled and to this ruling of the court the defendant then and there

duly excepted. Objection to Mrs. Morrall as an incompetent witness ought to have been made at the earliest moment possible, but from her testimony it could not have been known that she was the plaintiff's wife before the motion to strike out her testimony was made. In fact the attorney for appellee even suggests that the evidence does not show that she was the wife of the plaintiff. However, in view of her language, we have no doubt that she was the wife of the plaintiff and that the motion of appellant to strike out her testimony ought to have been sustained. Her language was very forcible and undoubtedly made a profound impression on the jury. The chattel mortgage, as the case was tried, was a controlling element, and she states, " I swear to God my husband never signed that chattel mortgage." If the jury believed her words, we can account for their verdict; but attorney for appellee suggests that since exception to the order overruling the motion for a new trial was not preserved, we are prevented from considering the prejudicial error of refusing to exclude the wife's testimony and he holds up as a bar the case of Pottle v. McWhorter, *supra*. That case was very similar to the one at bar. There, no exception was preserved to an order overruling motion for a new trial, but the record shows that portions of the evidence offered by the defendant to support the issues on his part were objected to by the plaintiff, the objections overruled and exceptions taken in proper time to the decisions of the court admitting same. The court there say : " Some of the evidence admitted was clearly improper and did not tend to prove either of the issues in the case; and it is impossible to account for the findings of the jury, except upon the supposition that they were influenced by this incompetent testimony." And the court concludes its opinion with the statement that the plaintiff's objection to the testimony offered to prove such a state of facts was therefore improperly overruled and therefore they reversed the judgment.

So, in the case at bar, at the earliest moment possible, and so soon as the attorney for the appellant could know

that Mrs. Morrall was the wife of plaintiff, he moved the court to strike out her testimony. His motion was overruled and exception then and there taken. Her testimony was clearly improper and doubtless influenced the jury, at least we can not say that it did not influence the jury. She corroborated her husband as to the signature to the chattel mortgage, and without her testimony, the uncorroborated statement of the plaintiff was denied by the testimony of several witnesses for the defendant. The case of Pottle v. McWhorter does not seem to have been reversed or modified, and we shall therefore hold the refusal of the court to sustain the motion to strike out the testimony of the defendant's wife was prejudicial error and sufficient to cause the reversal of this judgment. Upon another trial it can be shown whether or not the second replevin suit was properly brought in the country as aforesaid soon after the first judgment was entered in the first replevin suit. Apparently, both suits were between the same parties and the same property was the subject-matter of each replevin suit, and if there are no other circumstances, disclosed by the evidence, to warrant the second suit, then an instruction should be given to the jury to find the issues for the defendant. One replevin suit after another can not be brought unless there be a failure to secure service in the original suit or other illegal proceeding. There must be an end of litigation before the offices of every justice of the peace in the county have been visited.

Judgment reversed and cause remanded.