ANTON THOMAS, Admr., Appellee, *vs.* GEORGE A. ANTHONY *et al.* Appellants.

*Opinion filed December 17, 1913—Rehearing denied Feb. 5, 1914.*

1. NEGLIGENCE—*what not ground for holding that death was not the proximate result of an "attractive nuisance."* The fact that at the time a small boy fell into an unguarded clay-hole pond, where he and his young brother were fishing, he was either chasing a chicken to throw it in the water or was trying to get the chicken out after throwing it in, is not ground for holding that his death was not the proximate result of the attractive nuisance.

2. SAME—*plea of not guilty does not put in issue the defendants' title to premises.* In an action for damages for the death of a small boy who fell into a clay-hole pond and was drowned, a plea of not guilty does not put in issue the defendants' ownership or possession of the property.

3. EVIDENCE—*effect of statute is to leave competency of husband and wife as it was at common law.* The effect of sections 1 and 5 of the Evidence act, taken together, is to leave the competency of husband and wife to testify for or against each other the

same as it was at common law, and at common law the wife was incompetent to testify for her husband in any case in which he had a financial interest in the result of the litigation.

4. SAME—*when wife of administrator is not competent to testify.* Where the administrator bringing an action for the death of his intestate is the father of the deceased boy, and therefore interested, as next of kin, in the result of the suit, his wife is not a competent witness, and the fact that she is also interested, as next of kin, in the result of the suit does not change the situation. (*Craig* v. *Miller,* 133 Ill. 300, repudiating *Lincoln Avenue Gravel Road Co.* v. *Madaus,* 102 id. 417, approved.)

APPEAL, from the Appellate Court for the Second District;—heard in that court on appeal from the City Court of Kewanee; the Hon. H. S. POMEROY, Judge, presiding.

JAMES H. ANDREWS, and NELS F. ANDERSON, for appellants.

CHARLES E. MULLIGAN, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This action was brought by the administrator of Bennie Thomas, deceased, to recover damages for the benefit of the next of kin resulting from the alleged wrongful death of the deceased. A verdict for $1000 was rendered by the jury, upon which the city court of the city of Kewanee rendered judgment. The Appellate Court for the Second District affirmed the judgment below and granted an appeal and a certificate of importance, under which defendants below have prosecuted a further appeal to this court.

The facts are, in substance, as follows: Bennie Thomas, a boy six and a half years of age, was drowned in a clay pit on the 21st of June, 1911. The pit is located outside of the corporate limits of the city of Kewanee, and is made partly from digging for clay and in part from the natural topography of the surface of the ground. The pond is about 70 feet wide north and south and 180 feet east and

west and is approximately 25 feet deep. The water in the pond had accumulated from springs in the ground and from falling rains. On the day the deceased was drowned he and his brother, two years older, went to the pond to fish. No one saw the accident except the older brother. He testifies that on the morning in question, after breakfast, he and the deceased went to play in the yard. After playing in the yard for a time they went down to the dump and found a stick, a string and a can and went to the pond to fish. The older boy was fishing and Bennie was holding the can. A chicken came near where Bennie was, and he caught it and threw it into the water. He attempted to get the chicken out of the water, and in so doing stepped on a rock and slipped into the pond and was drowned. It is not very clear from the evidence of the brother whether the deceased was chasing the chicken on the bank to throw it in a second time and tripped and fell into the pond, or whether he was attempting to get the chicken out of the water. The mother of the children had frequently forbidden their going to the pond and they had been punished by her for going contrary to her wishes. It was about two hours after the children went out into the yard to play that the accident happened. During that time the mother supposed they were in the yard but had made no effort to ascertain where they were or what they were doing.

The legal title to the premises was in James K. Blish, who held it as trustee for certain banks which had foreclosed a mortgage upon the property, executed by the Kewanee Mining and Manufacturing Company. Several years before the death of appellee's intestate the trustee had entered into a contract for the sale of the premises to appellants for the consideration of $18,500. The purchase money was not all due at the time the accident happened and no deed had been made to appellants. It does not appear, however, that they were in default in their payments and the contract was in full force and effect, and appellants

had the right to the possession and control of the premises under their contract.

On the trial Mrs. Anna Thomas, mother of the deceased and wife of appellee, was called as a witness on behalf of appellee, and over the objection as to her competency she was permitted to testify and gave material testimony.

Appellants insist that the court erred, first, in not directing a verdict in their favor on the ground that the death of appellee's intestate was not the proximate result of the "attractive nuisance;" second, that appellants not being the owners in fee of the premises in question were not liable, either as owners or occupiers of the premises; third, that the court erred in holding that the wife of appellee was a competent witness; and fourth, that the court erred in its rulings upon the instructions.

There was no error in refusing to direct a verdict because the evidence failed to establish that the death of the child was the proximate result of the "attractive nuisance." The chasing of the chicken by the child was not an independent, intervening cause. This question, it seems to us, is too clear for argument.

The plea of not guilty, only, was filed. Under that plea appellants' title to the premises was not involved. In cases of this kind the plea of not guilty does not put in issue the ownership, possession or operation of the instrumentalities or property which caused the alleged injury. *Chicago Union Traction Co.* v. *Jerka,* 227 Ill. 95, and cases there cited.

The third assignment of error questions the competency of Mrs. Thomas as a witness. Mrs. Thomas' husband, as administrator, was the plaintiff below, and both he and his wife were interested, as next of kin, in the judgment recovered. Section 1 of our statute on evidence removes the common law disability of parties and persons interested in the event of the suit. Section 5 of the same act deprives husband and wife of all benefit of section 1 except in certain specified cases. The effect of sections 1 and 5, when

construed together, is to leave the competency of husband and wife to testify for or against each other the same as it existed at common law. At common law the wife was incompetent to testify for her husband in any case in which he had a financial interest in the result of the litigation. This disability was not confined to cases where the husband was a party to the record. It is not contended that Mrs. Thomas was competent under any of the exceptions mentioned in section 5 of the statute. Her incompetency results from the interest her husband has in the result of the suit. (*Craig* v. *Miller,* 133 Ill. 300.) Under the views expressed by the writer of the opinion in *Lincoln Avenue Gravel Road Co.* v. *Madaus,* 102 Ill. 417, the wife might be supposed to be a competent witness, but the views of the writer of that opinion were not concurred in by a majority of the members of the court and the reasoning was expressly repudiated in *Craig* v. *Miller, supra.* The circumstance that the wife was also interested in the result of the suit does not change the situation. Her interest and that of her husband were so identified that her testimony could not affect one without also affecting the other. Where the husband and wife are jointly sued upon a contract liability the wife is not a competent witness. (*Hyman* v. *Harding,* 162 Ill. 357.) Mrs. Thomas was an incompetent witness and the court erred in overruling the objection to her competency. *Schneider* v. *Sulzer,* 212 Ill. 87; *Schreffler* v. *Chase,* 245 id. 395.

The criticisms made upon the given and refused instructions are not well founded.

For the error indicated the judgments of the Appellate Court for the Second District and of the city court of the city of Kewanee are reversed and the cause remanded to the trial court.                          *Reversed and remanded.*