THIRD DISTRICT—MAY, 1914.    121

Passwaters v. Lake Erie & Western R. Co., 188 Ill. App. 121.

## Emma Passwaters, Administratrix, Appellee, v. Lake Erie & Western Railroad Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed May 5, 1914.

### Statement of the Case.

Action by Emma Passwaters, administratrix of the estate of Irma Passwaters, deceased, against the Lake Erie and Western Railroad Company to recover damages for the death of Irma Passwaters, a girl about eight and one-half years of age, who was killed at a highway crossing by one of defendant's trains, while riding in a buggy with her father, Charles A. Passwaters. The trial court entered judgment in favor of plaintiff on a verdict of the jury assessing the damages at three thousand three hundred dollars. To reverse the judgment, defendant appeals.

An action was brought by the administratrix of the estate of the father to recover damages for his death, which occurred in the same accident. There was a verdict and judgment in favor of plaintiff in that case and the judgment was affirmed in the Appellate Court. See *Passwaters v. Lake Erie & W. R. Co.*, 181 Ill. App. 44.

JOHN E. POLLOCK and W. B. LEACH, for appellant; JOHN B. COCKRUM, of counsel.

BARRY & MORRISSEY and SCHNEIDER & SCHNEIDER, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. RAILROADS, § 696*—*sufficiency of declaration. in action for death of child in care of father.* In an action for the death of a child who was killed at a highway crossing by one of defendant's trains while riding in a buggy with her father, failure of the declaration to allege the age of the deceased child, how and with whom she was riding, and that the father was in the exercise of due care, *held* not to render the declaration insufficient to sustain a verdict on account of variance between its allegations and the proof, since the child's age, how and with whom she was riding are simply evidentiary facts which need not be pleaded. and any negligence of the father which might be imputed to the child was sufficiently negatived by the averment of due care and caution on her part, as such averment would also necessarily imply due care and caution on the part of the father.

2. NEGLIGENCE, § 250*—*when giving of instruction requiring due care only on the part of child's father harmless.* In an action for the death of a child while in care of its father, where the case was tried on defendant's theory of the law that the father was negligent and that his negligence was imputed to the child, the giving of a modified instruction requiring the exercise of due care on the part of the father and not requiring due care on the part of the deceased child, *held* harmless where all the evidence showed that the child was in the exercise of due care.

3. APPEAL AND ERROR, § 1241*—*when adversary's instructions cannot be complained of.* Appellant cannot complain that the court modified appellee's instructions to conform to the theory of the law as presented by his own instructions.

4. APPEAL AND ERROR, § 1238*—*when appellant cannot complain of court's adoption of his theory of case.* Where appellant has induced the court to adopt a theory of the law most favorable to himself, he cannot on appeal insist that the court should have adopted some other theory.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.