## Susie LaForest, Administratrix, Appellee, v. Chicago & Eastern Illinois Railway Company, Appellant.*

1.  RAILROADS—*how parents' contributory negligence negatived.* Declaration for damages for the negligent killing of a child of tender years by a railway train, which avers that the child was in the exercise of due care for her safety at the time of the accident, sufficiently negatives contributory negligence on the part of the parents.

2.  RAILROADS—*amendment charging wilful negligence as not stating new cause of action.* An amendment to a declaration charging the killing of plaintiff's intestate by defendant's negligent operation of its

* Received from clerk of Appellate Court, August 8, 1927.

train, which averred the negligence was wilful and wanton does not raise a new cause of action.

3. RAILROADS—*liability for ordinary negligence for death of child.* If the parents of a child of tender years who was killed by a railway train were not negligent, recovery may be had if the defendant is shown to have been guilty of ordinary negligence.

4. RAILROADS—*when contributory negligence not a defense for death of child.* If a railway train is shown to have been operated with wilful negligence at the killing of a child of tender years, the defendant is liable in damages even though the child and her parents were guilty of contributory negligence.

5. RAILROADS—*when instruction on contributory negligence unnecessary.* In case an action against a railway company for killing a child of tender years is tried wholly on the theory that defendant's negligence was wilful and wanton, the court has no occasion to instruct on contributory negligence of the parents.

6. RAILROADS—*what negligence presumed wilful.* Wilful negligence will be presumed on the part of a railroad if its omission to exercise care is so gross as to show a lack of regard for the safety of a child of tender years alleged to have been killed by wilful negligence.

7. RAILROADS—*what negligence of railroad compels submitting case to jury.* If a railroad has been guilty of such gross omission to exercise care for the safety of a child of tender years as to show wilful negligence in causing his death as shown by evidence fairly tending to prove it, the case must be submitted to the jury.

8. WITNESSES—*competency of husband and wife at common law.* A husband and wife could not be witnesses for or against each other at common law.

9. WITNESSES—*competency of husband to testify for wife as administratrix.* In an action wherein the mother of a child alleged to have been killed by a railroad company's wilful negligence sues as administratrix of the estate, the father cannot testify, being unable to do so without at the same time testifying in favor of his wife.

Appeal by defendant from the Circuit Court of Pulaski county; the Hon. D. T. HARTWELL, Judge, presiding. Heard in this court at the October term, 1924. Reversed and remanded. Opinion filed March 31, 1925.

CRAIG & CRAIG, for appellant.

ASA J. WILBOURN, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

Appellee's intestate, who was five and one-half years of age, resided with her parents three-quarters of a mile north of Fayville and about 200 feet from appellant's track. On December 5, 1922, the child was struck and killed by one of appellant's trains. Her mother was appointed administratrix and this suit, brought to recover for her death, resulted in a verdict and judgment for $1,800. The case went to the jury on the third and fourth counts of the declaration as amended. When those counts were amended appellant pleaded the statute of limitations thereto and a demurrer to the pleas was sustained. Appellant then extended the general issue to the amended counts.

Appellant insists that the original counts did not state a cause of action; that as amended they introduced a new cause of action to which the statute of limitations was a bar and that the court erred in sustaining the demurrer to its special pleas. It was held in *Romani v. Shoal Creek Coal Co.*, 191 Ill. App. 521, that when a defendant pleads the general issue to amended counts after a demurrer to its plea of the statute of limitations had been sustained it was in no position to question the court's ruling on the demurrer. The Supreme Court did not pass on that question but held that the amended counts did not state a new cause of action. *Romani v. Shoal Creek Coal Co.*, 271 Ill. 360.

It is claimed that the original counts did not state a cause of action because there was no averment that the parents of the child were in the exercise of due care for her safety. Each count averred that the child was in the exercise of due care and caution and that was sufficient to negative contributory negligence on the part of her parents. *Passwaters v. Lake Erie & W. R. Co.*, 188 Ill. App. 121; *Elenz v. Conrad*, 115 Iowa 183, 88 N. W. 337. It is argued that if they stated a cause of action it was simply for a failure of appellant to exercise ordinary care and that when the counts were

amended so as to charge wilful and wanton negligence a new cause of action was introduced which was subject to the bar of the statute. It has been expressly held that such an amendment does not present a new cause of action and that it was error to overrule a demurrer to a plea of the statute. *Blanchard v. Lake Shore & M. S. Ry. Co.*, 126 Ill. 416, 426; *Blayney v. Cotton*, 189 Ill. App. 205.

Appellant argues that the counts as amended attempt to charge wilful and wanton negligence alone and that the averments are wholly insufficient to state such a cause of action. We think the averments are sufficient under *Walldren Express & Van Co. v. Krug*, 291 Ill. 472, and *Miller v. S. S. Kresge Co.*, 306 Ill. 104. They also aver in legal effect, as we have shown, that the parents were in the exercise of due care for the safety of the child. If the parents were not negligent a recovery might be had if appellant is shown to have been guilty of ordinary negligence. On the other hand if the evidence shows that appellant was guilty of wilful and wanton negligence there may be a recovery even though the child and her parents were guilty of contributory negligence. *Walldren Express & Van Co. v. Krug, supra.*

Appellant asserts that the case was tried solely on the theory of a wilful and wanton injury. None of its instructions were based on that theory and three of those given on its behalf were to the effect that if the father or mother of the child failed to exercise due care for her safety the jury should find in favor of appellant. No instructions were asked on behalf of appellee. If the case had been tried solely on the theory of wilful and wanton negligence there would be no occasion to instruct the jury as to contributory negligence on the part of the parents.

If an omission to exercise care is so gross as to show a lack of regard for the safety of others it will justify the presumption of wilfulness or wantonness.

And if there is evidence fairly tending to show such a want of care the case must be submitted to the jury. *Walldren Express & Van Co. v. Krug, supra*; *Bernier v. Illinois Cent. R. Co.*, 296 Ill. 464. As the judgment must be reversed we will not discuss the evidence further than to say that it presented a question of fact for the jury and the court did not err in refusing to direct a verdict.

The child left her father, mother, brother and sister as her next of kin and this suit was brought by the mother as administratrix for their benefit. The father and mother were permitted to testify to material matters over the objection of appellant. The objections were to the effect that they were incompetent witnesses both under the statute and at common law. Later the court excluded the testimony of the mother, but allowed that of the father to stand. At common law the husband and wife could not be witnesses for or against each other. 2 Kent Comm. 176; *Schreffler v. Chase*, 245 Ill. 395–399; *Thomas v. Anthony*, 261 Ill. 288–292.

Where a father as administrator of his deceased child brought suit to recover for his wrongful death, the mother was permitted to testify over objection of the defendant. The Appellate Court held it would be a harsh rule that would exclude her testimony and affirmed the judgment. *Thomas v. Anthony*, 179 Ill. App. 463. The judgment was reversed solely on the ground that the wife was an incompetent witness, *Thomas v. Anthony*, 261 Ill. 288. The basis of the holding is that she could not testify in her own interest without also testifying in the interest of her husband. That is the latest utterance of the Supreme Court upon the subject. The same rule must apply where the wife is the administratrix and her husband is called as a witness in her behalf. He cannot testify in his own interest without at the same time testifying in favor of his wife. He was not a competent witness under the *Thomas* case, *supra*.

There is a further complaint as to the admission of evidence, but we are of the opinion the court did not err in its admission. The judgment is reversed and the cause remanded.

*Reversed and remanded.*