# JOHN HOSSACK

*v.*

# LESTER UNDERWOOD.

1. ASSIGNMENT *of a judgment.* The assignment of a judgment does not vest the legal title in the assignee; that remains in the judgment creditor, subject to any equities flowing to the assignee by virtue of the assignment.

2. So where a judgment creditor assigned the judgment to secure the payment of a sum, less than the amount of the judgment, owing by him to another, upon the discharge of the debt due the assignee by procurement of the judgment debtor, the equities of such assignee became determined by operation of law, and he could not then transfer the judgment so as to vest in a third person any title or interest therein, and thereby defeat the recovery by the judgment creditor of the residue of the judgment remaining after the debt for which it was assigned was discharged

APPEAL from the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

The opinion states the case.

Messrs. BLANCHARD & SILVER, for the appellant.

Mr. J. B. RICE, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

A *scire facias* was issued, at the instance of appellee, to revive a judgment against appellant, rendered in the circuit court of LaSalle county.

Six pleas were filed. Issues were joined upon the pleas of *nul tiel record* and payment.

As we think that the third, fourth and fifth pleas were bad, and properly stricken from the files, we shall not discuss them.

The following is the sixth plea:

" And for a further plea in this behalf, defendant says that said plaintiff ought not to have and maintain his aforesaid writ of *scire facias* to revive said judgment, because, he says, that heretofore, before the issuing of said writ, on, to-wit: the eleventh day of July, 1866, said plaintiff transferred said judgment by writing on the margin of the record of said judgment, in the words and figures following:

" 'For value received, I hereby assign, sell and transfer this judgment to John F. Nash, Cash. 1 N. Bk. Ottawa, this 11 July, 1866.

" ' LESTER UNDERWOOD.'

" And afterwards, to-wit: on the fourteenth day of March, 1867, said plaintiff made the following endorsement on the margin of the record of said judgment:

" ' For value received, I hereby assign, sell and transfer the sum of $500 of this judgment to Richard Thorne. March 14, 1867.

" ' LESTER UNDERWOOD.'

" And afterwards, to-wit: on the second day of April, 1867, said John F. Nash transferred said judgment, by endorsement on the margin of the record of said judgment, in the words and figures following:

" 'For value received, I hereby sell and transfer this judgment to Edward Eames, this second day of April, 1867.

" J. F. NASH, Cash. 1 N. Bk. Ottawa.

" And the said Edward Eames purchased said judgment for the benefit and at the request of one William C. Richardson, since deceased, and the said Edward Eames fully paid and satisfied said Nash the amount of said judgment. And the said William C. Richardson died subsequent to the twenty-fourth day of June, 1868, and the said Edward Eames, subsequent to the decease of said William C. Richardson, transferred said judgment to the estate of said William C. Richardson, by writing on the margin of the record of said judgment, in the words and figures following:

" 'For value received, I hereby assign, sell and transfer this judgment to the estate of W. C. Richardson.

June 24, 1868.                    EDWARD EAMES.

" And afterwards, to-wit: on the day and year last aforesaid, the said defendant fully paid to the executors of the estate of William C. Richardson the amount then due and unpaid upon said judgment, in discharge and satisfaction thereof, and this,defendant is ready to verify, wherefore he prays judgment."

Appellee, then, by leave of the court, filed two replications to the sixth plea, as follows:

" And the said plaintiff, as to the said plea of the said defendant, by him, sixthly, above pleaded, by leave of the court first had and obtained, says, *precludi non,* etc, because, he says, that the said plaintiff, being indebted to John F. Nash, cashier of the First National Bank of Ottawa, in the sum of $900 upon a promissory note executed by said plaintiff and one Joseph Stout to said John F. Nash, cashier of the First National Bank of Ottawa, for said sum on the eleventh day of July, A. D. 1866, made and executed the said assignment of the said judgment to the said John F. Nash, in the said plea mentioned and set forth, for the sole purpose of securing the payment of said sum of money above mentioned, and that said plaintiff being also indebted to one Richard Thorne in the sum of $500 of said judgment, in said plea mentioned and set forth, for the sole purpose of securing the payment of the said indebtedness to the said Thorne, and the said defendant with the fraudulent intent to prevent the said plaintiff from collecting the excess of said judgment over and above the amount for which the same was pledged as aforesaid, afterwards, to-wit: on the second day of April, A. D. 1867, caused the said indebtedness to the said John F. Nash, cashier of the First National Bank of Ottawa, and to the said Thorne, to be paid off and discharged, and also then and there, with the like fraudulent intent, caused and procured the said assignments of

the said judgment to be made from said John F. Nash to the said Edward Eames, and from the said Edward Eames to the said estate of William C. Richardson, in said plea mentioned and set forth. And the said plaintiff avers that neither the said Eames nor the said Richardson ever, in fact, paid anything for the said judgment, and that neither of them was a *bona fide* purchaser thereof; and the said plaintiff further saith that the said Eames and the said estate of William C. Richardson were merely nominal holders of said judgment for said defendant under said assignments, for the purpose of aiding said defendant in his said fraudulent intent to prevent the collection of the said balance of said judgment over and above the amount for which the same was pledged as aforesaid, and this the said plaintiff is ready to verify. Wherefore he prays that said judgment may be revived for said excess of said judgment, over and above the said indebtedness for which the same was pledged as aforesaid."

The second replication is substantially the same as the first, except it avers, that both Eames and Richardson had due notice of the character and intent of the assignments.

To these replications, a general demurrer was filed, which was overruled, and appellant abided.

As the demurrer admitted the facts in the replications, the only question presented is as to their sufficiency.

The assignment of a judgment does not vest the legal title in the assignee. This remains in the judgment creditor, subject to any equities flowing to the assignee by virtue of the assignment. When the debts due to Nash and Thorne were discharged, their equities were determined by operation of law, and Nash had no right to make the assignment, and could vest no interest in Eames.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*