## MAGGIE O'MALLEY

### v.

## THE CHICAGO CITY RAILWAY COMPANY.

*Practice—Personal Injuries—Damages—Inadequacy—Appeal by Plaintiff.*

1.  A plaintiff who is not entitled to recover at all, has no right to have a verdict in his favor set aside on the ground that it is for too small an amount.

2.  Where the plaintiff, under such circumstances, has appealed, the defendant having entered no motion for a new trial, the judgment will be affirmed.

[Opinion filed March 13, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. F. H. CULVER, for appellant. ·

Mr. WILLIAM J. HYNES, for appellee.

GARY, J.    The appellant obtained a verdict against appellee upon her own unsupported testimony, in conflict with that of disinterested witnesses, as to her right to recover at all, upon the charge that she had sustained personal injuries by its negligence, but the jury gave her only $100.    She moved for a new trial because the damages are inadequate.

It may be conceded that the action of the jury was inconsistent, but the concession would furnish no sufficient reason for inconsistency in the action of the court.    If this case had come here with the reasons of the judge of the Superior Court for denying the new trial, and they had been that if the defendant would move for a new trial he would grant it, on the authority of Peaslee v. Glass, 61 Ill. 94, but that on the application of the plaintiff he could not grant it, as she had already more than she was entitled to, could this court, which, as to verdicts, has authority only to correct errors of the court, say that such

decision was error? And that is what this record, by fair inference, says. A plaintiff, not entitled to recover at all, has no right, for any reason, to have a verdict for the defendant set aside: Garland v. C. & N. W. 8 App. 571; nor one in his or her own favor, because the damages awarded are less than the pecuniary injury. Hubbard v. Mason City, 64 Iowa, 245.

*Judgment affirmed.*