A. S. Wright

v.

G. W. Griffey.

*Practice—Making up of Record—Appeal and Error.*

1. Where a bill of exceptions contains the words "the clerk will here insert," referring to the deposition of a witness, and a certified copy of

the deposition is attached to the clerk's copy of the bill, the deposition is not thereby made a part of the record.

2. Appellant can not complain that appellee should have recovered more or nothing.

[Opinion filed March 4, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. G. W. & J. T. KRETZINGER, for appellant.

Messrs. RUNNELLS & BURRY, for appellee.

GARY, J.   The condition of the record of this case prevents us from considering the merits.   Whether the instructions are such as should have been given depends upon the evidence.   The original bill of exceptions stated that four depositions were read in evidence by the appellee but stated nothing of their contents; only the names of the witnesses. Since the case was docketed here further proceedings, shown by additional records, have been had below.   By one of those records the clerk certifies a copy of an order entered on the 16th day of November, 1891, by which the court, on motion of the appellant, and on opposing affidavits, gave the appellant leave to amend the bill of exceptions by inserting the words " the clerk will here insert the same " after each of the names of the witnesses whose depositions were read, as those names appear in the bill.   The clerk in that record also certifies copies of those affidavits, and of the depositions. The other of those records is a certified copy of a bill of exceptions taken by the appellee, to the above mentioned action of the court.

The depositions are in no bill of exceptions yet.   Had the original bill of exceptions contained the words above put in quotation, and had the clerk certified copies of the depositions and attached them to his copy of the bill, they would not thereby become a part of the record.   Alley v. Limbert, 35 Ill. App. 592, cites many cases; the one cited from 30 Ill. App. should be 31.

Not being able to see what the evidence was on the trial, we can not consider the argument of the appellant based upon the evidence and instructions.

That the appellee did not recover more than a moderate percentage of what he claimed, is a cause of complaint for him only. The appellant is not entitled to a new trial, upon the ground that the appellee ought to have recovered more or nothing. Wolf v. Goodhue Fire Ins. Co., 43 Barb. 400; O'Mally v. Chicago Cy. Ry. Co., 30 Ill. App. 309.

The judgment is affirmed.

*Judgment affirmed.*