SUPERIOR LUMBER COMPANY

v.

MARQUETTE BUILDING AND LOAN ASSOCIATION.

*Practice—Bill of Exceptions—Short Cause Calendar.*

Exceptions can only be preserved by bills of exception.

[Opinion filed April 9, 1892.]

IN ERROR to the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding.

Mr. ISRAEL COWEN, for plaintiff in error.

Mr. ALFRED L. BAKER, for defendant in error.

GARY, J.   The appellant in effect concedes that the merits of this case are not reviewable here, as the evidence was all on the side of the appellee, and the verdict is justified by it, if it were true. The questions he presents are in relation to practice on appeals from justices, as well as under the statute of 1889, providing for a short cause calendar. But to show the action of the court upon motions and objections he made, and his exceptions thereto, except in one instance hereinafter shown, he relies upon entries of the clerk upon the record of the cause only.

The monotonous repetition of the proposition that exceptions can be preserved only by bills of exception is becoming tiresome. Wright v. Griffey, 44 Ill. App. 115; Foreman v. Johnson, 37 Ill. App. 452. What may be reviewed without a bill of exceptions is shown in Van Cott v. Sprague, 5 Ill. App. 99.

The bill of exceptions does show that after the evidence was all in, the appellant " moved the court that inasmuch as the cause now on hearing has taken over one hour's time for the trial thereof, and more than one hour, and the court has for that reason ordered the plaintiff to pay the costs heretofore accrued, and the said costs have been paid, that the court do now take the case from the jury and strike the same from the short cause calendar, in accordance with the statute in such case made or provided," and excepted to the denial of his motion; but the bill does not show that in fact the cause had taken more than one hour, or that anything had been done about costs. And we need not express any opinion about what does not appear. What the clerk says upon that matter is surplusage.

The judgment is affirmed.         *Judgment affirmed.*