57  583
161s  85

## Henry Knight v. Gustavus W. Griffey, for the use of William Burry.

1. ASSIGNMENT—*Of Judgment—Right to Sue upon the Appeal Bond.* —An assignment of a judgment rendered in the Circuit Court upon an appeal from a justice of the peace, carries along with it the right to sue upon the appeal bond.

2. STAY OF PROCEEDINGS—*Where Defendant is Served with Garnishee Process.*—Where a defendant in a proceeding at law is served with garnishee process at the suit of another, the object of which is to reach the same money for which the proceeding at law was instituted, it is a proper practice to stay the proceedings at law until his liability in the garnishment proceeding is determined.

3. ASSIGNMENT OF JUDGMENT—*Where the Legal Title is.*—The legal title to a judgment which has been assigned remains in the judgment creditor, subject to all the equities which flow to the assignee by virtue of the assignment; that is, the right to collect the money due upon it, even through the enforcement of the appeal bond, where the judgment is rendered upon an appeal.

4. NOTICE—*Of Assignment of Judgment.*—If any notice to the defendant of the assignment of a judgment rendered on an appeal is necessary, the commencement of a suit against him by the assignee of the judgment on the appeal bond, is sufficient.

Memorandum.—Suit on an appeal bond. In the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Declara-

tion in debt. The pleas are sufficiently set out in the opinion of the court. Trial by the court below without a jury; finding and judgment for plaintiff; appeal by the defendant. Heard in this court at the October term, 1894. Affirmed. Opinion filed March 5, 1895.

APPELLANT'S BRIEF, G. W. & J. T. KRETZINGER, ATTORNEYS.

The assignment of a judgment does not vest the legal title in the assignee. This remains in the judgment creditor, subject to any equities flowing to the assignee by virtue of the assignment. Hossack v. Underwood, 55 Ill. 126; Hughes v. Trahern, 64 Ill. 48; Forrest v. O'Donnell, 42 Mich. 559.

RUNNELLS & BURRY, attorneys for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was a suit brought to recover for the breach of the condition of an appeal bond, executed by one A. S. Wright as principal, and the appellant as surety, given on appeal to this court in a certain cause, wherein the appellee, Gustavus W. Griffey, had recovered a judgment in the Superior Court of Cook County against the said A. S. Wright, and upon which appeal the said judgment was here affirmed. Wright v. Griffey, 44 Ill. App. 115.

Subsequent to the execution of the appeal bond referred to, and nearly a year before the commencement of this suit, and on March 28, 1893, said judgment was assigned to one William Burry, and the assignment was filed in said cause on April 10, 1893. On February 9, 1894, an attachment suit was begun by one Moore against said Griffey and A. S. Wright, and the appellant was served as garnishee therein. This suit was begun in the name of "Gustavus W. Griffey, for use, etc." The name of the usee does not appear in either the summons or declaration, and there was no allegation in the declaration that either the judgment or the appeal bond had been assigned. Subsequently, and on March 23, 1895, it was ordered by the Superior Court, "that all papers and proceedings in this cause be and are hereby

amended by changing the plaintiff to Gustavus W. Griffey, for the use of William Burry."

Appellant pleaded specially the commencement of the attachment suit and the service of garnishee process upon him, to which plea the appellee replied, first, the assignment of the judgment to Burry, and second, denying a cause of action by Moore in the attachment suit.

There was then filed a rejoinder to the second replication, and a demurrer to the first, which demurrer was overruled, and the cause was thereupon submitted to the court for trial, without a jury, and a finding and judgment for plaintiff was had.   On the trial the appellee admitted that the special plea of the commencement of the attachment suit and service of garnishee process upon appellant was true, and that William Burry, the assignee of the judgment, filed an interpleader in said attachment suit setting up the facts of the assignment of the judgment to him.

The demurrer of appellant to the first replication also operated as an admission of the facts stated in that replication; and left only the question of their sufficiency.   Hossack v. Underwood, 55 Ill. 123.

There were, then, the admitted facts that the judgment had been assigned to Burry after the execution of the appeal bond and before the commencement of this suit upon it, and the commencement of the attachment suit and service of garnishee process upon appellant after the beginning of this suit, and the interpleading therein by Burry setting up the assignment of the judgment to him.

The appellant neither moved for a stay of proceedings in this suit until the interplea of Burry in the attachment suit could be determined, or until the same issue could be tried therein upon his own answer of the pendency of this prior suit for the same money claimed of him, nor did he file a plea of interpleader under which Burry and the plaintiff in the attachment suit might litigate their claims to the money for which he was liable on the appeal bond.   But on the other hand, appellant elected to try the question in this suit; and he insists here that the assignment of the judg-

ment did not carry with it to the assignee a right of action at law upon the appeal bond, and also, that the appellant having been garnisheed in another proceeding wherein the appellee was a party defendant, this suit should have been stayed until appellant's liability should be determined in the attachment suit.

The bond itself was an assurance that the indebtedness mentioned in its condition should be paid, and as an incident to that indebtedness all beneficial interest in the bond passed to Burry by the assignment to him of the judgment. Ullmann v. Kline, 87 Ill. 268.

The legal title to the judgment remained in the judgment creditor, but remained there subject to all the equities which flowed to the assignee, Burry, by virtue of the assignment. Hossack v. Underwood, 55 Ill. 123.

The principal equity which passed to Burry under the assignment was to collect the money due on the judgment through the enforcement of the bond.

The judgment creditor could not dispute that equity, nor can the appellant. The breach of the bond was its non-payment.

The appellant asserts no equities against his liability on the bond, and presumably has none.

The only defense interposed by him, aside from the one that the assignment of the judgment did not carry the bond, and which we have shown is not tenable, is that he was garnisheed in another proceeding begun subsequent to the commencement of the suit upon the bond.

The creditor of Griffey, at whose suit appellant was garnisheed, acquired no rights against appellant that were superior to those which Griffey had. Griffey had assigned the bond to Burry nearly a year before the attachment suit was begun. From the time assignment was made, all beneficial interest of Griffey in the judgment was at an end. If any notice to appellant of the assignment of the judgment were required, and we do not think there was, the commencement of the suit against him upon the bond was a sufficient one.

The fact that the suit upon the bond was commenced in the name of " Griffey, for use, etc.," without naming the usee, did not alter the effect of such notice, and being subsequently amended by inserting the name of Burry as usee, the appellant is not in any way harmed.

It was the privilege of appellant to answer in the attachment suit the pendency of this suit, and if he has neglected to do so and suffers therefrom, it is his own fault.

The judgment of the Superior Court will be affirmed.