## Rodey Kelly v. Thos. J. Hale and Mary Hale.

1. WITNESSES—*Competency of a Wife.*—In an action upon a joint promissory note, made by a husband and his wife, to which the wife is made a party defendant, she is a competent witness in her own behalf.

**Assumpsit,** on a promissory note. Appeal from the Circuit Court of Fayette County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the February term, 1895. Affirmed. Opinion filed July 1, 1895.

JOHN A. BINGHAM, attorney for appellant.

HENRY & GUINN, attorneys for appellees.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

The only question of law material to notice is the competency of Mary Hale, wife of Thomas, as a witness. She was joint maker of the note sued on and a party defendant, hence she was a competent witness in her own behalf. The cause was tried by the court. The note was for $359.33, dated March 1, 1884, due September 15, 1884, with eight per cent interest, signed by appellees and payable to appellant.

The court found the issues for the plaintiff, and assessed his damages at $56.65, for which sum and costs judgment was entered. Plaintiff took this appeal. The abstract is quite imperfect, but by the record it appears there is a conflict in the evidence of appellant and that of appellees as to the actual amount of the consideration for the note. This conflict was settled against plaintiff's version of the transaction between the parties at the time the note was given. He states the full amount of the note was then due him. Appellees, who were the only other persons there, deny this, and testify that but $75 was then due him, and the note was made for a larger amount and secured by a chattel mortgage on Hale's wheat crop, to protect it against a threatened execution, and this was done at appellant's suggestion;

that the latter claimed there was $80 dollars due him, and that amount was agreed to, and was to be paid out of the wheat to be delivered to appellant the coming fall, and ninety bushels were then delivered.

The judge saw these witnesses, and heard them testify; he observed their demeanor and actions on the stand, and had a better opportunity than is afforded us, to determine whose testimony ought to be credited. He did this, doubtless, with fairness and impartiality, and preferred to believe the two witnesses rather than the one. From their testimony he could fairly conclude $80 was all that was due appellant at the date of the note, and if he allowed eight per cent on that sum up to time the wheat was delivered, and deducted the accrued interest from the amount of its market value at sixty cents, the lowest price, it would leave not quite $51 to be credited on the $80, and the balance, with accrued interest to the time of the finding by the court, would be about $52, due appellant. The court might have found that the wheat delivered paid the entire debt, if the testimony of Hale alone was considered, but we will not disturb the finding and invade the province of the court sitting as a jury, as appellees have assigned no cross-errors. Counsel for appellant, in his argument, suggests some inaccuracies and improbabilities in appellees' testimony as reasons for discrediting it, but appellant's testimony is, for like reasons, open to criticism. No cause for reversing the judgment appears, and it is affirmed.