## Robert O. Bolles v. Bloomington & Normal Railway Electric & Heating Company.

1. NEW TRIAL—*rule with respect to granting, because of inadequacy of verdict.* At common law new trials were not allowed on the ground that the damages allowed by the jury in actions for tort were insufficient, and now, as a general rule, a new trial will not be granted in such cases on the ground that the damages are too small.

Action in case for personal injuries. Appeal from the Circuit Court of McLean county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906. Rehearing denied and opinion modified January 8, 1907.

WELTY, STERLING & WHITMORE and LOUIS FITZHENRY, for appellant.

DEMANGE & HOBLIT and BARRY & MORRISSEY, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This action was brought by appellant against appellee for the recovery of damages for personal injuries alleged to have been sustained by him through the negligence of appellee while a passenger upon one of its street cars. Upon a trial in the Circuit Court the jury returned a verdict for the plaintiff and assessed his damages at $500. The plaintiff by this appeal seeks a reversal of the judgment rendered thereon, upon the grounds that the damages awarded are inadequate under the evidence, and that the trial court erred in its rulings upon the evidence and instructions. The declaration charges, and the evidence tends to show, that appellant while a passenger upon one of appellee's street cars and while standing upon the rear platform of the same, was by a sudden movement of the car, thrown from said

platform to the street pavement, whereby he sustained the injury for which he claims damages; and, further, that the car was caused to so stop through the negligence of servants of appellee who were in charge of the same. The jury by their verdict found that appellee was guilty of the negligence charged in the declaration. It is therefore unnecessary to consider or determine any other of the questions raised and argued than those which affect the amount of the verdict.

The evidence as to the character and extent of the injury occasioned to appellant by the accident, is in sharp conflict. That adduced by him tends to show that after the accident he suffered considerable pain in his foot and ankle; that on the following day Dr. Meyer examined the ankle, found that it was severely sprained and applied lotions thereto, and about a week afterward bandaged the foot and ankle with adhesive strips which appellant, without permission of Dr. Meyer, afterward removed. That appellant was confined to his home most of the time until December 24th following, when he was taken in a carriage to the home of a relative; that his injury continued to be painful, and on February 1, 1905, he called Dr. Orner, who testified on the trial that he found upon examination that the circulation of the injured parts was impaired; that the foot was turning inward and upward by reason of an un-united fracture of the lower point of the fibula to which the outside ligaments attached to the outside bones of the foot were anchored; that he then placed and kept the foot in a plaster cast for about six weeks, when he replaced the same with an iron splint which appellant still wore at the time of the trial. Appellant testified that he was still under the care of Dr. Orner; that his injury was gradually becoming worse; that it interfered with his sleeping and totally incapacitated him

for business. He testified that he was a tailor cutter by trade, in the employ of his father, and also an agent of a Chicago tailoring establishment for which he took orders for clothing; that his earnings as cutter were from $15 to $20 per week, and as agent, from $10 to $20 per week; and that up to the trial he had paid and become liable to pay for the services of Dr. Orner about $170.

On the part of appellee, Dr. Meyer testified that on the day after the accident he examined appellant's ankle and treated it; that about a week thereafter he wrapped it with adhesive bandages which appellant afterward removed without his knowledge; that although witness treated appellant for five or six weeks he did not discover any fracture of the lower part of the fibula, and that, in the opinion of witness, if there had been such a fracture at the time he would have discovered it. Appellant admitted on the trial that Dr. Reedy would testify, if present, that he made an examination of appellant's ankle after Dr. Meyer had applied the adhesive strips, to determine the extent of the injury, but could discover no swelling, discoloration or other evidence of injury, and that in his opinion the ankle was not at that time sprained or otherwise injured. The witness Wells testified that he saw appellant in December following the accident, on a street car; that appellant had his wrist in a bandage and told witness that he sprained his ankle at the same time he injured his wrist; that he was walking without crutches, and that when appellant left the street car, he stepped off and limped but slightly. The witness Baker testified that he saw appellant during the early part of December and noticed that his wrist was bandaged; that he saw him frequently thereafter, both on the street cars and at his father's store, where witness was having a suit of clothes made; that witness took his measure for such suit and at

that time appellant told witness that he had injured his ankle in getting in or out of a buggy; that at neither time was appellant using crutches. Appellant admitted upon the trial that he then weighed 190 pounds and had not lost flesh since the accident.

If the jury who saw and heard the witnesses testify, credited those of appellee, we cannot say that they were unwarranted in believing that appellant's injuries consisted, in the first instance, of a sprained ankle merely, from which he would have, ordinarily, recovered in a short time, and that his condition at the time of the trial was due either to a reinjury received in the manner indicated by the testimony of the witness Baker, or to the fact that he neglected to properly care for his injury after it was received, whereby a recovery was retarded, or prevented. In such case the verdict cannot be said to be clearly and manifestly inadequate. It was the exclusive province of the jury to determine these questions of fact. The verdict was approved by the trial judge. Unless therefore some error prejudicial to appellant, occurred in the trial, we would not be justified in disturbing the same. Courts are usually indisposed to increase verdicts for damages for the reason that juries rarely underestimate them. 13 Cyc. 135. At common law new trials were not allowed on the ground that the damages allowed by the jury in actions for torts, were insufficient, and, as a general rule, a new trial will not be granted on the ground that the damages are too small, in actions for wrongs and injuries. Hackett v. Pratt, 52 App. 340; Hamilton v. Ry. Co., Ill. 104 App. 207.

By the eighth instruction given at the request of appellee, the jury were told that if the plaintiff reinjured his ankle and that such second injury, if any, was not caused by any agency of the defendant, and that his recovery from such original injury was thereby retarded, delayed or prevented, there could be no recovery of damages for the consequences, if any, following from such second injury, if any. It is con-

tended by appellant that this instruction was not warranted by the evidence. It is true that instructions should be founded upon the evidence in the case, and where there is no evidence upon which to base them it is error to give them. We think, however, that the testimony of Baker to the effect that appellant told him that he reinjured his ankle in getting in or out of a buggy, is sufficient, although but slight evidence, upon which to base the instruction in question. A like complaint is made as to appellee's sixteenth instruction, which told the jury that if the plaintiff's injury was neglected and a recovery thereby retarded, delayed or prevented, there could be no recovery or damages for the consequences, if any, flowing from such neglect. There was evidence tending to show that appellant walked about the city without crutches and boarded and alighted from street cars and buggies, while his ankle and foot were in the condition described by him. Whether these facts, however meager, constituted a lack of ordinary care on the part of the appellant, under the circumstances, was a question for the jury. It therefore was not error to give the instruction.

The remaining errors assigned and argued pertain to issues other than the adequacy of the damages.

The judgment of the Circuit Court is affirmed.

*Affirmed.*