Anton Thomas, Administrator, Appellee, v. George A. Anthony and Clara E. Buchanan, Appellants.

Gen. No. 5,737.

1. DEATH—*effect of plea of not guilty.* A plea of not guilty in an action for wrongful death does not put in issue the ownership, possession or operation of the instrumentalities or property which caused the death alleged but a defense based on an intended denial of such allegations in the declaration must be properly pleaded.

2. NEGLIGENCE—*evidence as to care by parents for safety of child which was killed.* It is material to a recovery for the benefit of the next of kin for the death of a child six and one half years old that it should appear from the evidence that the parents were exercising ordinary care for its safety whether such care is alleged in all the counts of the declaration or not.

3. PRACTICE—*when immaterial after verdict whether due care by parents of child is alleged in more than one count.* In an action

by the father as administrator for the death of a child six and one half years old, it is immaterial after verdict for plaintiff whether it is alleged in more than one count that its parents were exercising due care for its safety.

4. WITNESSES—*competency of wife to testify in her own behalf when husband is interested.* The wife of an administrator who brings action for the death of his son six and one half years old is a competent witness, where in case of recovery, she will receive a distributive share which will be her separate property though her husband will receive commissions as administrator and an amount as a distributee.

Appeal from the City Court of Kewanee; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed May 6, 1913.

ANDERSON & ANDREWS, for appellants.

CHARLES E. MULLIGAN, for appellee.

MR. JUSTICE WHITNEY delivered the opinion of the court.

Bennie Thomas, six and one-half years old, was drowned while fishing in an old clay pit on certain premises outside of the city of Kewanee, June 21, 1911. This suit was brought against George A. Anthony, Laughlin M. Buchanan and Clara E. Buchanan, by the administrator of the estate of Bennie Thomas, deceased, to recover for the loss suffered by the next of kin under the statute. The suit was dismissed as to Laughlin M. Buchanan, and appellee recovered a verdict and judgment for $1,000 against the other two defendants below and they appeal.

A reversal is urged on four grounds:

1. ''The cause of the death of Bennie Thomas was not the attractive nuisance of the pit but the accident was caused aside from that consideration as a moving cause;'' that is, that the death was not due to any negligence of the defendants, and that their negligence was not the proximate cause of the death.

2. The defendants had no such control or right of control over the premises wherein the death occurred

as would make them liable as either owners or occupants of the premises.

3. Mrs. Thomas was an incompetent witness.

4. Giving of plaintiff's instructions and refusal of defendants' instructions. No other grounds are argued.

After a review of the evidence we are satisfied that the negligence alleged was fully proven and was the proximate cause of the death alleged.

The plea of not guilty only was filed. In Chicago Union Traction Co. v. Jerka, 227 Ill. 95, and in Carr v. U. S. Silica Co., 153 Ill. App. 511, will be found the authorities holding that the plea of not guilty did not put in issue the ownership, possession or operation of the instrumentalities or property which caused the injury alleged, but that a defense based upon an intended denial of such allegations of the declaration must be properly pleaded.

It was material in this case to show that the parents of Bennie Thomas were exercising due care for his safety. It is alleged in one of the counts of the declaration that deceased was drowned without any fault of his parents, and whether alleged in the other counts or not, it was material to a recovery that it should appear from the evidence that the parents were not guilty of negligence, or that they were exercising ordinary care for the safety of deceased; (Illinois Cent. R. Co. v. Warriner, 229 Ill. 91, aff'g 132 Ill. App. 301; Chicago & A. R. Co. v. Logue, 158 Ill. 621; Chicago City Ry. Co. v. Wilcox, 138 Ill. 370) ; and whether it is alleged in the other counts of the declaration or not is immaterial after verdict. In fact, it is conceded by appellee that the care or negligence of the mother of Bennie Thomas was an issue in the case.

It is assigned as error that the court erred in admitting Mrs. Anna Thomas, wife of appellee, to testify in this case. Her husband, Anton Thomas, was administrator. It was objected that she was not a com-

petent witness. That objection was overruled. Section 1 of the Evidence Act provides that no person shall be disqualified as a witness in any civil action by reason of his or her interest in the event thereof, except as thereinafter stated. Section 5 provides that no husband or wife shall, by virtue of section 1 be rendered competent to testify for or against each other except in certain cases, one of which is where the litigation shall be concerning the separate property of the wife. Here, the husband has two interests, namely, the commissions he will receive as administrator in case of a recovery, and the other, the amount he will receive as one of the distributees in case of recovery. The wife has an interest as one of the distributees in case of recovery. In case of recovery, the distributive share of the wife will be her separate property. The case then is that her testimony was both in her own behalf and in behalf of her husband. If this statute means as appellants contend, then in all cases, where the husband and wife are each interested in a suit, either as plaintiff or defendant, and their interests are alike, the wife will be an incompetent witness because her testimony in her own behalf must also be in behalf of her husband. This seems a very harsh result. It is supposed to be supported by Hyman v. Harding, 162 Ill. 357. There the wife and husband were sued jointly. Whether the wife filed any plea does not appear. The husband defended and the wife gave testimony showing that she was liable and seeking to make her husband also liable. There is nothing to show that she sought to defend or resist the debt. The only effect of her evidence was to seek to make her husband liable. It was held that she was not competent to testify against him. We sought to distinguish that case in Vercler v. Jansen, 96 Ill. App. 328. To the same effect is Kelly v. Hale, 59 Ill. App. 568. While the question is not free from doubt, yet the consequences of holding that the wife is never a competent witness in her own behalf if her husband is also interested in the

subject-matter of the suit are so serious that we feel disposed to abide by our decision in Vercler v. Jansen, *supra*.

We see no reversible error in the giving or refusal of instructions.

Judgment affirmed.

*Affirmed.*