### George Harding and Dora Harding, Appellants, v. Edward Mitchell, Appellee.

1. ASSUMPSIT, ACTION OF, § 90*—*when question as to whom promise was made is for jury.* In an action by a husband and wife to recover for the support of the defendant's nieces, evidence *held* sufficient to justify the submission to the jury of the question whether the defendant's promise to pay for such support was made to the husband and wife jointly so as to make her a proper party plaintiff.

2. WITNESSES, § 34*—*when wife is a competent witness in action on contract.* Where the evidence in an action brought by a husband and wife on a contract tends to show that the wife has a joint interest in the contract, it is erroneous to refuse to allow her to testify.

3. LIMITATION OF ACTIONS, § 12*—*when action on contract to pay for support is not barred.* The statute of limitations *held* not a bar to an action for the expense of the support of the defendant's nieces. on his promise to pay therefor monthly, as the contract was a continuing one.

Appeal from the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the April term, 1916. Reversed and remanded. Opinion filed October 13, 1916.

WOLFE & WAGNER, for appellants.

JOHN E. WALL and L. H. BERGER, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Appellants, George Harding and Dora Harding, are husband and wife, and sued Edward Mitchell, appellee, in an action of assumpsit to recover for the support of Vera, Lenora and Geraldine Stevens, minor children of Mr. and Mrs. William Stevens. The mother of these children died in June or July, 1907, and their father shortly thereafter deserted and abandoned them. Mrs. Stevens, the mother of the children, was a sister of the appellant, Dora Harding, and also of the appellee, Edward Mitchell. At the trial in the court below, the court directed the jury to find its verdict in favor of appellee on the grounds (1) that there was no evidence tending to show that Dora Harding had a joint interest with her husband in the contract sued upon, and (2) that the claim was barred by the statute of limitations. The court also on the trial refused to allow Dora Harding to testify for the reason that she was the wife of her coplaintiff, George Harding, and had no joint interest in the contract.

The evidence tended to show that after the death of their mother, the Stevens children were placed in a convent known as St. Mary's Academy, where they remained until about the middle of June, 1908, George Harding testified that about the middle of May, appellee came to the home of appellants and told them that his nieces, the Stevens children, would have to leave the convent in June, and that if appellants would permit them to live at their home that he, appellee, would pay appellants the sum of five dollars per month for their support, maintenance and education; that appellee did not want to take them to live with him because he had no home, as he and his wife were boarding with their father-in-law and mother-in-law, and if appellants would take them he would pay them five dollars per month as long as one or more remained

at their home. Appellants received the children about the middle of June, 1908, and one or more of them remained with appellants until October, 1915. On June 21, 1908, Dora E. Harding wrote to appellee the following letter:

"Quincy, Illinois, June 21, 1908.
"Dear Brother:
"You promised Mr. Harding and I that you would pay five dollars each month for the care of Vera, Lenora and Geraldine, for their support, and that you would pay your part on Saturday evening. You did not call and pay as you promised. We would like very much for you to pay your part along with the rest, I am,

"Your loving sister,
"DORA E. HARDING."

Appellee replied to this letter as follows:
"Hotel Turner,
    "Queen City, Mo.
            "Queen City, Mo., June 24th, 1908.
"Dear Sister:
"I Recd your Letter at Laplato today saying that I diden keep my promist well you just ask your Landlord if I diden call at your home Saturday evening at 7:30, and ask him if you wasent at home and he told me that you was gon. I saw a light in one of the rooms but I coulden rise non one so I left this is your fault not mine and I will come to see you as soon as I get home. I havent got nuthing but expense mone with me and I can't spare that and just as soon as I get home I will give you my part of the board.

"Your Brother
            "EHM.

"Excuse haste
"I will be at home on fore of July."

Subsequently appellee paid Dora E. Harding three dollars which was the only payment that he ever made on this contract, although the trial court refused to permit appellants to show when this payment was made. Vera Stevens testified that while she and her sisters were in the convent, appellee came to them

and told them that he had made arrangements for them to live at the home of appellants, and that they should go there and live, which they did on the 18th of June.

It is conceded by counsel for appellee that where a husband and wife have a joint interest they may sue as joint plaintiffs or be sued as joint defendants, but it is insisted that the evidence does not show that Mrs. Harding had a joint interest in the contract with her husband and that he being in law the head of the family, could therefore alone bring the suit. We think the evidence tends to show that the obligation to the appellants was a joint one. The children are the nieces of Mrs. Harding and of appellee, thus making an equal moral obligation on each of the latter to support them. A reasonable construction of the testimony and letters in evidence is that appellee promised that if appellants would take the children into their home, appellee would pay his share of the expense of their support to the latter, at the rate of five dollars per month. There was at least sufficient evidence to warrant the jury in passing upon this question.

We are also of the opinion that the court erred in not allowing Mrs. Harding to testify. In the case of *Kelly v. Hale,* 59 Ill. App. 568, the court said: "The only question of law, material to notice, is that of the competency of Mary Hale, wife of Thomas Hale, as a witness. She was joint maker of the note, and party defendant, hence she was a competent witness in her own behalf." This rule was followed and approved in the case of *Vercler v. Jansen,* 96 Ill. App. 328, in the opinion of which it was said: "By this ruling of the court the two defendants in the case are absolutely precluded from testifying in their own behalf, upon the theory that the testimony of each might inure to the benefit of the other. If the rule laid down by the court below in this case were to be followed, all that would be necessary to prevent a married man

from testifying in a civil case in his own behalf, would be to join his wife with him as a codefendant. It is evident that such a rule would be very unjust and would open a wide door to fraud." The rule as stated in 40 Cyc. 2228, is as follows: "Where a husband and wife are coparties, each may testify in his or her own behalf, although the testimony may inure to the benefit of the other spouse; or against his or her own interest, although the testimony may militate against the other spouse." Holding as we do that the evidence tended to show that the wife had a joint interest in the contract, it was error for the court to refuse to permit her to testify.

The defense of the statute of limitations cannot be interposed under the facts of this case, because the contract was a continuing one, and appellants, if successful in maintaining their cause of action, will be entitled to recover all monthly payments which shall have accrued five years prior to the bringing of the suit. *Miller v. Cinnamon,* 168 Ill. 447.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*