SYBIL L. SHERMAN, ADMINISTRATRIX OF THE ESTATE OF URIEL LAMBERT BEARDEN, JR. *v.* MOUNTAIRE POULTRY COMPANY, INC. ET AL

5-4282                                      419 S. W. 2d 619

Opinion delivered October 23, 1967
[Rehearing denied November 13, 1967.]

*F. C. Crow,* for appellant.

*H. H. McKenzie,* for appellee.

CONLEY BYRD, Justice. Appellant, Sybil L. Sherman, administratrix of the estate of Uriel Lambert Bearden, Jr., deceased, appeals from a jury verdict on interrogatories, finding that appellees, Mountaire Poultry Company, Inc., and William D. Purifoy, its employee, were not negligent in the death of Uriel Lambert Bearden, Jr., a five-year-old child.

The facts show that on January 14, 1966, Purifoy delivered a load of chicken feed to two poultry houses, the first one being south of and across the county road running by the Bearden home, and the other being to the north and somewhat behind the Bearden home. The decedent was in the Bearden home yard near a tree when Purifoy passed the home on his way to the second poultry house. As he passed, the boy waved to him. After backing the truck up to the poultry house, Purifoy found that the snorkel on his truck did not quiet reach the feed bin. Purifoy then crawled down from the top of the truck, drove the truck forward a short distance, cut the wheels to the left and backed the truck up so that its left side would be closer to the feed bin. While Purifoy was standing on the fender of his truck to turn on the bottom auger, he observed the decedent lying where a wheel of the truck had run over him. He ran to the house to notify the child's parents and to use the telephone. Later, at the home of Mrs. Denton McKamie, in front of Mrs. McKamie and Purifoy's boss, Robert Moeller, the child's mother told Mr. Purifoy, "I don't blame you, son, I know it was an accident." "It was just an unavoidable accident, a terrible thing, but an unavoidable accident."

This was Purifoy's first trip to the poultry house where the accident occurred. There was testimony on behalf of appellant that it was the boy's custom to get

the feed tickets from the truck drivers. The boy's father testified that on this occasion, after the truck was first backed up to the poultry house, the boy rode his tricycle down a path toward the truck; that after the truck started up the second time he saw his son ride his tricycle in front of the truck in an attempt to return to the house; and that a pile of dirt obscured his view thereafter. Purifoy testified that he did not observe the boy at any time after he waved to him at the house, some 196 feet from the place where the boy was subsequently found. The record reflects that a three-foot high object within ten feet of the truck would not be visible to the driver.

After review of the record, we are unwilling to say that there is no substantial evidence to support the jury's verdict.

Appellant contends that it was error to permit Mrs. McKamie and Mr. Moeller to testify that Mrs. Bearden told Purifoy it was an unavoidable accident. We have consistently held that statements in the nature of an admission by a party are admissible as original evidence. *Bullington* v. *Farmers' Tractor & Implement Co., Inc.*, 230 Ark. 783, 324 S. W. 2d 517 (1959). The authorities have extended this to admissions or declarations against interest made by a person who is not a party of record but who is a real party in interest, such as Mrs. Bearden in the instant case. *Isley* v. *McClandish*, 299 Ill. App. 564, 20 N. E. 2d 890 (1939), 31A C. J. S. Evidence § 320. Appellant relies on *Coca-Cola Bottling Co. of Southwest Ark.* v. *Carter*, 202 Ark. 1026, 154 S. W. 2d 824 (1941), as holding that such testimony is not admissible, but we point out that in that case the truck driver whose admission was put in evidence was not a party of record, nor did he hold a pecuniary interest such as that of Mrs. Bearden in this case.

Error is also assigned by appellant to the trial court's failure to give appellant's instruction on res ipsa

loquitur. As we pointed out in *Chiles* v. *Fort Smith Commission Co.*, 139 Ark. 489, 216 S. W. 11 (1919), the presumption—*i. e.* res ipsa loquitur—arises from the inherent nature and character of the act causing the injury. Presumptions arise from the doctrine of probabilities. The future is measured and weighed by the past and presumptions are created from the experiences of the past. Thus when a thing that causes injury is shown to be under the management of the defendant and the accident is one which in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence in the absence of explanation by the defendant that the accident arose from a want of care.

While a claim for injuries to a small child arising from the use of a vehicle is always complicated by the rule that a child of tender years can not be guilty of negligence, we can not say that every accident such as that involved here is one which experience teaches us will arise from a want of care on the part of the driver. This is a much different situation from that involving a vehicle leaving a roadway generally traveled by vehicles and injuring a pedestrian, or that in which a vehicle runs through a board fence and injures an unsuspecting pedestrian on the other side of the fence. Consequently, we hold that the trial court properly refused appellant's res ipsa loquitur instruction.

Appellant argues a number of other points on appeal, but from the record we find that either she did not object at the time the matter transpired in the trial court, as required by Ark. Stat. Ann. § 27-1762 (Repl. 1962), or they were matters dealing with damages, making such errors harmless in view of the jury's finding of no negligence.

One such point has to do with the courtroom behavior of a beautiful, mature young woman, apparently Purifoy's wife; but the record is absolutely silent as to

any such conduct and we have only appellant's statement in the brief.

We readily admit that this case presents one of those close factual situations in which we are permitted only to ascertain whether there is substantial evidence to support the jury verdict, and are not at liberty to determine where the preponderance of the evidence might lie. Consequently, upon the whole case and after a thorough search of the record, we find that the judgment must be affirmed.

BROWN, J., disqualified.